UNITED STATES of America, Plaintiff–Appellant,

v.

v.

CITIZENS PRESERVING AMERICA'S HERITAGE, INC., an Idaho Corporation, et al., Defendants–Intervenors–Appellees.

John Byrnes EVANS, Defendant–Appellee.

No. 95–10175.

No. 93–35839.

United States Court of Appeals, Ninth Circuit.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 1995.

Aug. 11, 1995.

Decided Aug. 16, 1995.

Before: WRIGHT, WIGGINS, and THOMPSON, Circuit Judges.

### ORDER

Robert L. Miskell, Asst. U.S. Atty., Appellate Section, Tucson, AZ, for plaintiff-appellant.

Myrna Rodriguez, Law Office of Robert Hooker, Tucson, AZ, for defendant-appellee.

Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.

Opinion by Judge HUG; Concurrence by Chief Judge WALLACE; Dissent by Judge NOONAN.

HUG, Circuit Judge:

This appeal concerns an arrest of a defendant in Arizona on a warrant arising out of federal criminal proceedings commenced in the Northern District of West Virginia. A magistrate judge in Arizona entered a detention order without bail. The defendant sought review in the Arizona district court, and the court ordered that the defendant be released on $100,000 bond. The issue in this appeal is whether the district court in Arizona has authority to review the detention order issued by the Arizona magistrate judge or whether the authority to review that order resides with the district court in West Virginia. We hold that the Arizona district court is without authority to review the detention order and that any review of that order must be by the district court in West Virginia.

We have appellate jurisdiction of the appeal of the Arizona district court's order under 28 U.S.C. § 1291, and we vacate that order.

I

In March 1994, the United States District Court for the Northern District of West Virginia issued a warrant for Evans' arrest. The warrant issued upon the return of an indictment charging Evans with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, conspiracy to launder money in violation of 18 U.S.C. § 1956, and travel to promote marijuana business in violation of 18 U.S.C. § 1952(a)(3).

Evans was arrested in Arizona and brought before a magistrate judge pursuant to Federal Rule of Criminal Procedure 40. The Government moved for a detention hearing at Evans' initial appearance before a magistrate judge in Arizona. The magistrate judge held an evidentiary hearing and continued the matter to allow Pretrial Services and the United States Attorney for the District of West Virginia to respond to Evans' proposed bond. Following further hearings, the mag-

istrate judge ordered Evans detained pending trial.

Evans sought review of the magistrate judge's detention order in the Arizona district court. The Government moved to dismiss the appeal for lack of jurisdiction, arguing that under 18 U.S.C. § 3145(b) the Arizona district court did not have jurisdiction to review the detention order. After conducting an evidentiary hearing, the Arizona district court held that it had jurisdiction to review the magistrate judge's detention order and ordered Evans released on $100,000 bond. The Government then filed this timely appeal from the district court's release order and requested an emergency stay of that order. We stayed the release order pending resolution of this appeal.

## II

■ A warrant for arrest in a federal criminal case runs throughout the United States. The procedure to be followed when an arrest is made in one district for a federal offense alleged to have occurred in another district is set forth in Rule 40 of the Federal Rules of Criminal Procedure. Rule 40 states in the part here pertinent:

(a) **Appearance Before Federal Magistrate Judge.** If a person is arrested in a district other than that in which the offense is alleged to have been committed, that person must be taken without unnecessary delay before the nearest available federal magistrate judge.... If held to answer, the defendant must be held to answer in the district court in which the prosecution is pending—provided that a warrant is issued in that district....

. . . .

(c) **Papers.** If a defendant is held or discharged, the papers in the proceeding and any bail taken shall be transmitted to the clerk of the district court in which the prosecution is pending.

Pursuant to 18 U.S.C. § 3141, the magistrate judge before whom the defendant is brought is required to order that such person be detained or released pending judicial proceedings. That order is subject to review and appeal pursuant to 18 U.S.C. § 3145,

which provides for review of the magistrate judge's order by the district court, with an appeal to a circuit court of appeals. It is the review of the magistrate judge's order by the district court that is the focus of this case—the question being what is the appropriate district court to review the magistrate judge's order. The interpretation of section 3145 is thus in issue.

Section 3145 provides in the part here pertinent as follows:

(a) **Review of a release order.** If a person is ordered released by a magistrate

. . .

(1) the attorney for the Government may file, with *the* court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and

(2) the person may file, with *the* court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

(b) **Review of a detention order.** If a person is ordered detained by a magistrate, ... the person may file, with *the* court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

(c) **Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title.

(emphasis added.)

■ Thus, under the statute, either the Government or the defendant may seek review of the magistrate judge's release order in the district court and the defendant may seek review of the magistrate judge's detention order in the district court. An appeal from the release or detention order of the district court may ultimately be taken to the circuit court of appeals pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3731.

■ Evans contends that section 3145 affords the district court in Arizona the author-

ity to review the detention order because all federal district courts have "original jurisdiction" over federal offenses under the terms of 18 U.S.C. § 3231. This section provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

This is a broad grant of jurisdiction that specifies that the federal courts, not the state courts, have jurisdiction over federal law offenses. It is apparent, however, that the phrase "*the* court having original jurisdiction over the offense," used in both section 3145(a) and (b), has a more restricted meaning than the broad grant of original jurisdiction specified in section 3231 when that phrase is viewed in the light of the constitutional restrictions on the place where a defendant can be tried.

■ A defendant has a constitutional right to be tried in the state and district where the crime is alleged to have been committed. The United States Constitution provides for this right in two places. Article III, Section 2, clause 3, provides:

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

The Sixth Amendment provides in part:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law.

Strictly speaking, this is a matter of venue, not jurisdiction, because this constitutional right can be waived. However, as Justice Frankfurter noted: "Questions of venue in criminal cases . . . are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed." *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 251, 89 L.Ed. 236 (1944); *see also* 2 Wright Practice and Procedure: Criminal 2d

§ 301 (exploring the historical context of the venue provisions).

■ In some early cases, this right to trial in the state and district in which the crime was committed was discussed as a matter of subject matter jurisdiction. *See United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916); *Meltzer v. United States*, 188 F.2d 913, 915 (9th Cir. 1951). In a sense, this can be thought of as jurisdictional, in that the constitutional requirement as to the place of trial must be upheld unless it is waived by the defendant. However, it is more correctly designated as a venue requirement because it can be waived. If a prosecution is brought in the district in which the alleged crime was committed, the defendant may waive his constitutional right for various reasons. *See* Fed.R.Crim.P. 20 and 21. The defendant may also, in some circumstances, waive the statutory venue requirement by failing to raise the issue prior to going to trial or pleading guilty. 2 Wright, Federal Practice and Procedure: Criminal 2d § 306; *Hanson v. United States*, 285 F.2d 27 (9th Cir.1960).

For offenses that were committed in more than one district, there is more than one district in which the prosecution can take place; however, the prosecution may be limited to one district by Congress. If the offense was committed outside of any district, Congress specifies the district. *See*, 2 Wright, Federal Practice and Procedure: Criminal 2d §§ 302, 303 and 304. However, the point is that unless the prosecution is "originally" brought in a district permitted by the Constitution and the statute involved, it is subject to dismissal by the defendant.

It is reasonable to construe the meaning of the phrase "*the* court having original jurisdiction over the offense" in light of these constitutional, statutory, and rule provisions. First, the use of the word "the" in the phrase indicates that it does not apply to "any" court having original jurisdiction of all federal offenses. It indicates that there is a particular district court having original jurisdiction over the offense. Because a prosecution must originally be brought in a district required by the constitutional and statutory provisions or

face dismissal, absent a waiver by the defendant, the phrase is most reasonably interpreted as designating the district in which the prosecution is pending.

■ Evans contends that "*the* court having original jurisdiction over the offense" means any federal district court. It would be a strange and unwieldy construction to permit a defendant to seek review of the magistrate judge's order in any district court in the United States. The dissent agrees that the review cannot be by any district court, but argues that the review should be by the district court that has appointed the magistrate judge because it is the normal practice in other situations. We conclude, however, that this is a particular procedure that is envisioned by Rule 40 and section 3145 that places the review of the magistrate judge's order in the province of the district court where the prosecution is pending, and where the bail status of the defendant ultimately will be determined during the course of that trial. It avoids the delay of an intermediate determination by the district court in the district of arrest. An additional supporting inference can be drawn from Rule 40(c), which provides that all papers in the proceeding before the magistrate judge and any bail taken is to be transmitted to the clerk of the district court in which the prosecution is pending. It would be strange, indeed, to require that all the papers and the bail be sent to that court if another court is to review the magistrate judge's detention order.

## III

The basis for this ruling can be summarized as follows:

1. Rule 40 specifies the procedure when an arrest is made in one district for a federal offense alleged to have been committed in another district.

2. The defendant is to be brought before the nearest federal magistrate judge. The rule is specific as to a "magistrate judge" as opposed to the many other judicial officers before whom a defendant may be brought if the arrest is for an in-district crime.

3. The magistrate judge makes the decision whether to hold the person as the proper defendant to answer to the charge, and if so, whether to release him on bail. Rule 40(c) says the magistrate judge is to forward all the papers and any bail retained to the district court where the prosecution is pending. This provides an inference that this is the district court that is authorized to review that decision.

4. Rule 40 itself does not specify how the magistrate judge's order is to be reviewed. For that we refer to 28 U.S.C. § 3145, which provides for the review of release and detention orders in general.

5. Section 3145 provides for the review of the magistrate judge's order by "*the* court having original jurisdiction over the offense." This is somewhat ambiguous, in that all federal district courts have original jurisdiction over federal offenses. Yet, the statute must mean that the review is to be before some particular court having original jurisdiction when it uses the word "the." Otherwise, it would use the words "any" or "a."

6. The question then becomes which court is "the" court intended. It is true that this can only be determined by inferences to be drawn from other sources. "*The* court having original jurisdiction over the offense" does not tell us which is *the* court, without further reasoning. The most sensible view is that "*the*" court is the district court in which the prosecution must "originally" be commenced in order to be sustained. It is true that this is a "venue" requirement and other district courts can obtain jurisdiction to proceed under special conditions set forth in Rule 20. This requires a motion of the defendant and the consent of the United States Attorneys in the two districts. The defendant can also move for a change of venue under Rule 21 because of potential prejudice in that district or for convenience of the parties and witnesses, which the district court may order. However, the prosecution must originally be brought in accordance with the constitutional and statutory requirements. Any other court lacks authority to proceed with the prosecution.

This reading of section 3145 is consistent with Rule 40(c)'s requirement that the papers

and any retained bail be forwarded to the district court where the prosecution is pending.

7. Rule 40 provides a very particular procedure in which a "magistrate judge" (not another state or federal judicial officer, as with in-district offenses) is to conduct the initial proceedings and forwards the papers and any retained bail to the district court where the prosecution is pending. There it can be reviewed by that district court and is subject to appeal to the circuit court of appeals in that circuit.

This is a sound and sensible construction. It avoids unnecessary delay and also avoids the possibility of the district court in which the prosecution is pending countermanding an order of the district court in which the arrest occurred.

**The Arizona district court's order of release is VACATED.**

WALLACE, Chief Judge, concurring:

Evans was arrested in Arizona on a warrant arising out of proceedings commenced in the Northern District of West Virginia. After an Arizona magistrate judge ordered Evans detained without bail, Evans sought review of that order in the Arizona district court. The district court ordered Evans released on $100,000 bond. The government appeals, arguing that the Arizona district court did not have jurisdiction to review the magistrate judge's order. I agree, and so concur generally with Judge Hug's opinion vacating the district court's order of release. I write separately to explain my reasoning.

This case raises an issue of first impression: when a magistrate judge from one district issues a detention order for a criminally accused person, what district court has jurisdiction to review that order? The answer requires that we interpret 18 U.S.C. § 3145(b), which provides that a person detained by a magistrate judge's order may file a motion for review "with the court having original jurisdiction over the offense."

All federal district courts have "jurisdiction" over "offenses" committed against the United States. *See* 18 U.S.C. § 3231. But section 3145 is more specific—it allows review only by *the* district court having original jurisdiction over the offense. The word

"the" is important. Failure to pay attention to it would allow any district court in the country to review the order of a magistrate judge with respect to a bail hearing. That, I suggest, makes no sense.

Nevertheless, it is not obvious to which district court the term "the" refers. Federal Rule of Criminal Procedure 40 helps guide the inquiry. Rule 40(a) provides that when a person is arrested in a district other than where the offense is alleged to have been committed (as was Evans), preliminary proceedings will take place before the nearest available magistrate judge. Once those proceedings end, the record is transmitted to the "clerk of the district court in which the prosecution is pending." Fed.R.Crim.P. 40(c). Rule 40 tells us that the magistrate judge's role is limited, and that the district court where the prosecution is pending should take over the case as soon as possible.

The minimal role of the magistrate judge is further underscored by the defendant's right to elect to have the preliminary examination (detention proceeding) itself conducted in "the district in which the prosecution is pending." Fed.R.Crim.P. 40(a). This right of election indicates that the fundamental purpose of having the preliminary examination conducted by the nearest available magistrate judge is to ensure that the defendant is not prevented from obtaining prompt review of his detention. Because this concern is not implicated by allowing review of the magistrate judge's order solely in the district in which the criminal prosecution is pending, and because the district court in which the prosecution is pending will usually be the one with the requisite familiarity with the matter, *see* 18 U.S.C. § 3142(g) (requiring judicial officer to consider nature and circumstances of offense charged, the weight of the evidence against the person, the dangerousness of the person, and the history and characteristics of the person, including his character, family ties, employment, financial condition, length of residence, community ties, past conduct, history of substance abuse, criminal history, and record concerning court appearances), the magistrate judge's order should properly be reviewed by the district court in which the prosecution in pending.

It makes eminently good sense to read section 3145 and Rule 40 consistently. Doing

so leads to the conclusion that "the" district court referred to in section 3145(b) is the district court where the prosecution is pending. Only that district court has the authority to review the magistrate judge's order. *Cf. United States v. Gebro,* 948 F.2d 1118, 1120 (9th Cir.1991) (in a single district proceeding, district court can sua sponte review a magistrate judge's detention order); *United States v. Acheson,* 672 F.Supp. 577, 580 (D.N.H.1987) (district court in district of arrest lacks jurisdiction to review order by district court where prosecution is pending that set aside magistrate judge's bail order).

It is true that Evans can, consistent with Federal Rule of Criminal Procedure 20, waive trial in the district where the prosecution is pending and be tried in the district where arrested. But this waiver is "subject to the approval of the United States attorney for each district." Fed.R.Crim.P. 20(a). Should Evans and the United States attorneys agree to proceed in the district of arrest, then the district court in that district could review the decision of the magistrate judge. This follows from the fact that the prosecution would no longer be pending in the district court where the crime was allegedly committed, but rather pending in the district of arrest.

In short, the term "the" in section 3145(b) refers to the district court where the prosecution is pending. Only that district court can review the magistrate judge's decision regarding bail. In this case, the district court where the prosecution is pending is the Northern District of West Virginia. Only that court can review the magistrate judge's order in this case. Therefore, the Arizona district court's order should be vacated.

NOONAN, Circuit Judge, dissenting:

This case presents a conundrum because of the opaque language employed in 18 U.S.C. § 3145. My two colleagues have made a reasonable effort to resolve the riddle, but have produced neither decisive authority nor compelling exegesis. While I respect their reasoning, I am led to a different conclusion by the nature of the relation of magistrate judges to Article III judges.

*One.* The statute in question, 18 U.S.C. § 3145, gives few clues. It identifies the

court that should review the magistrate judge as the court "having original jurisdiction over the offense." That is an identification distinctly different from the court referred to by Fed.R.Crim.P. 40, which speaks of "the district court in which the prosecution is pending." In statutory terms the court "having original jurisdiction" of the offense could be any district court of the United States, see 18 U.S.C. § 3231. The Sixth Amendment to the Constitution, however, permits prosecution of the offense only in the district wherein the crime has been committed, and the usual rules governing venue and jurisdiction limit the district court to which appeal of a bail order could be made, so that under no circumstances could appeal be taken to any district court at random, but only to the district court having jurisdiction of the defendant. Which district court that is is the question we have to determine.

*Two.* Rule 40 does not address the question. The Rule provides for the bail papers to go eventually to "the clerk of the district court in which the prosecution is pending." The Rule does not determine whether the district court which has appointed the magistrate shall first have reviewed the decision. No disharmony exists between this reading of Rule 40 and 18 U.S.C. § 3145.

*Three.* The opinion of Judge Wallace notes the factors that should be considered by a judicial officer in granting bail as specified in 18 U.S.C. § 3142(g). The great majority of these factors such as the person's "character, family ties, employment, financial condition, length of residence, community ties" are best determined by the court in which the person is apprehended if the person happens, as is the case here, to be a resident of the district in which apprehended. Congress may well have supposed that this scenario was the more common one and that therefore the district of arrest should be the district to determine bail. Permitting review by the district court to which the magistrate is attached also assures the promptness in bail rulings that the Constitution requires and that 18 U.S.C. § 3145 mandates. In the majority of districts the magistrate is housed in the courthouse where the district court sits. Access to the district court is easy and immediate; promptness is physically facili-

tated. The district of prosecution retains the ability to modify the bail decision.

*Four.* The normal system of appellate review is territorial. One goes from a magistrate to the district court which has appointed the magistrate and then to the appellate court of the circuit in which the magistrate and district court exist. If not totally improbable it is at least unlikely that Congress intended to vary the territorial hierarchy and place appellate review in a district court and court of appeals far removed from the place of the original decision.

*Five.* In connection with the magistrate judge's hearing of a motion for suppression of evidence, the Supreme Court declared: "the entire process takes place under the district court's total control and jurisdiction." *United States v. Raddatz,* 447 U.S. 667, 681, 100 S.Ct. 2406, 2415, 65 L.Ed.2d 424 (1980). We have cited this language as relevant to the relationship between the district court and a magistrate judge ordering release on bail. *United States v. Gebro,* 948 F.2d 1118, 1120 (9th Cir.1971). At issue in *Gebro* was not our question, so *Gebro* may be distinguished. Nevertheless, *Gebro* is our closest precedent and it incorporates the traditional understanding of the relationship of the magistrate judge to the district court that appointed the magistrate judge. The phrase "total control" suggests, even if it does not absolutely require, the proximity of the magistrate judge to the district court which is exercising control. To hold, as the majority here holds, that a district court thousands of miles away is the court to exercise "total control" over the magistrate judge seems stranger than any of the alternatives the majority contemplates as flowing from my construction of the statute. Such a sundering of the relationship of the district court and its magistrate judge is, if not unnatural, unusual; its inevitable effect would be to increase the independence of the magistrate judge at the expense of harmony with the district court to which the magistrate judge belongs.

For these reasons I dissent.