UNITED STATES of America,
Plaintiff–Appellee,

v.

Fabio Alberto TORRES, Defendant–Appellant.

No. 96–4699.

United States Court of Appeals,
Eleventh Circuit.

June 12, 1996.

---

* Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designa-tion.

Kathleen M. Williams, Federal Public Defender, Gail M. Stage, Asst. Federal Public Defender, Miami, FL, for Appellant.

William A. Keefer, U.S. Atty., Linda C. Hertz, Asst. U.S. Atty., Miami, FL, for Appellee.

Before TJOFLAT, Chief Judge, and EDMONDSON and BARKETT, Circuit Judges.

**ORDER:**

In October of 1995, appellant Fabio Alberto Torres was indicted by a grand jury in the Southern District of Texas and charged with two drug trafficking offenses. An arrest warrant was issued by that court, and in May of 1996, Torres was arrested in southern Florida, taken into custody, and brought before a United States magistrate judge of the Southern District of Florida. The magistrate judge ordered Torres' removal by the U.S. Marshal to the Southern District of Texas, ordered the Marshal's execution of that order stayed until June 14, 1996, and ordered Torres released from custody on the condition that he post a $50,000 corporate surety bond.

The Government appealed the magistrate judge's release order to the United States District Court for the Southern District of Texas pursuant to 18 U.S.C. § 3145, which provides that:

> If a person is ordered released by a magistrate, or by a person other than a judge having original jurisdiction over the offense and other than a Federal appellate court—(1) the attorney for the Government may file, with the court having *original jurisdiction over the offense,* a motion for revocation of the order or amendment of the conditions of release.

18 U.S.C. § 3145 (emphasis added). On May 30, that court, exercising its authority under section 3145, stayed the magistrate judge's order.

In addition to appealing to the United States District Court for the Southern District of Texas, the Government appealed the magistrate judge's release order to the United States District Court for the Southern District of Florida. That court dismissed the Government's appeal for want of jurisdiction, relying on the plain language of 18 U.S.C. § 3145.[1]

---

1. Once the Government appealed to the District Court for the Southern District of Florida, appellant was held in custody pursuant to an "automatic stay" provision in that court's local rules which provides for an automatic stay pending the government's appeal of a magistrate judge's release order. S.D.Fla.Mag.R. 4(a)(2). We note in passing that this local rule is of dubious applicability in this case, given the fact that the district court had no jurisdiction over the Government's appeal. In any event, the U.S. Marshal for the Southern District of Florida now holds Torres pursuant to the Southern District of Texas order of May 30 staying the release.

Although Torres prevailed in the district court—albeit not in a decision on the merits—he now appeals that district court's decision. Contending that the district court had jurisdiction to entertain the Government's appeal, Torres asks that we summarily reverse its order of dismissal and remand the case with the instruction that the district court decide the Government's appeal on the merits. In addition, Torres asks us to stay the magistrate judge's removal order pending the district court's disposition of that appeal.

The Government, responding to Torres' application for relief, contends that because the district court lacked jurisdiction to entertain its appeal, we likewise lack jurisdiction. The Government's position is correct; in fact, the notion that the district court, and in turn this court, has the authority to entertain the Government's appeal of the magistrate judge's release order is without merit. The plain language of section 3145 dictates that the district court with original jurisdiction over the offense, *i.e.*, the prosecuting district, here the Southern District of Texas, is the only proper one to review the order in question. In so concluding, we agree with the only other court of appeals to have addressed the issue. *See United States v. Evans*, 62 F.3d 1233, 1235 (9th Cir.1995) (authority to review magistrate judge's detention order resides with the district court where the prosecution is pending).

Accordingly, appellant's application for the relief described above is

DENIED.

BARKETT, Circuit Judge, dissenting:

I disagree with the majority's conclusion that the United States District Court for the Southern District of Florida had no jurisdiction to entertain this matter. I find persuasive Judge Noonan's dissenting view in *United States v. Evans*, 62 F.3d 1233 (9th Cir.

1995), that the territorial nature of the relation of magistrate judges to Article III judges should lead us to a different conclusion.[1] *Id.* at 1239. It seems sensible that appellate review of a magistrate's decision should be had to the district court which appointed the magistrate, and then to the appellate court of the circuit in which the magistrate and district court exist. *Id.* at 1240.

> If not totally improbable it is at least unlikely that Congress intended to vary the territorial hierarchy and place appellate review in a district court and court of appeals far removed from the place of the original decision.

*Id.* Otherwise, the goal of promptness in bail rulings, which § 3145 mandates, is frustrated. *Id.* at 1239.

I also agree with Judge Noonan that most of the "factors that should be considered by a judicial officer in granting bail as specified in 18 U.S.C. s 3142(g) . . . . such as the person's 'character, family ties, employment, financial condition, length of residence, community ties' are best determined by the court in which the person is apprehended if the person happens, as is the case here, to be a resident of the district in which apprehended." *Id.*

I believe the district court incorrectly decided that it had no jurisdiction. This court should stay Torres' removal and remand to the district court for a proper hearing on the merits of the government's appeal of the pretrial release order.

---

1. I would also note that the majority in *Evans* found that 18 U.S.C. § 3145, which provides for review of a magistrate judge's pre-trial order in "the court having original jurisdiction over the offense," was ambiguous precisely because all federal district courts have original jurisdiction over federal offenses pursuant to 18 U.S.C.

§ 3231, and based its holding on venue. *Evans*, 62 F.3d at 1236–37. Section 3231 provides that

[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

18 U.S.C. § 3231.