103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. JOHNSON and Imam A. Lewis, Defendants-Appellants.
 No. 96-4173.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1996.
 
 N.D.Ohio, No. 96-ML-00515; Paul R. Matia, Judge.
 N.D.Ohio
 VACATED.
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Defendants James Johnson and Imam Lewis appeal an order of the district court dismissing, for lack of jurisdiction, their appeal from a magistrate judge's order of pretrial detention. This appeal has been briefed by the parties and referred to a panel of this court on an expedited basis. Upon consideration of the briefs and the record available to us, we agree unanimously that oral argument is not needed. Rule 34(a), Fed.R.App.P.
 
 
 2
 Defendants were charged by means of a complaint in the District Court for the Northern District of West Virginia with the offense of transporting explosive devices in interstate commerce, in violation of 18 U.S.C. § 842(a)(3)(A). Defendants reside in Cuyahoga County, Ohio and were arrested there. Defendants were brought before a magistrate judge in the District Court for the Northern District of Ohio. The magistrate judge ordered the Defendants held in pretrial detention and ordered that the Defendants be transferred to the Northern District of West Virginia "as soon as possible."
 
 
 3
 Defendants appealed the order of pretrial detention to the District Court for the Northern District of Ohio. The United States filed a motion to dismiss for lack of jurisdiction. It argued that the charging district was the only jurisdiction vested with the power to hear an appeal regarding the pretrial detention order. Following a hearing, the district court concluded that it did not have jurisdiction to hear the appeal, reasoning that the prosecuting jurisdiction was the proper district to review the magistrate judge's order of detention. The United States' motion to dismiss was granted, the stay of removal orders dissolved, and Defendants were ordered transferred to West Virginia "forthwith." This court has granted a stay of the transfer pending the outcome of this appeal.
 
 
 4
 The parties have now completed briefing under an expedited schedule entered by the clerk. The issue on appeal is whether the district court has jurisdiction to adjudicate appeals of detention orders executed against defendants arrested and physically present in this circuit but being charged in another circuit. For the reasons that follow, we reverse the judgment of the district court.
 
 
 5
 This is an issue of first impression in this circuit. Because bail hearings are extremely fact sensitive and are determined succinctly, there is little caselaw on this issue. As a result, the issue on appeal must be determined with "little guidance from other courts." United States v. Johnson, 858 F.Supp. 119, 121 (N.D.Ind.1994).
 
 
 6
 When a defendant is arrested in one federal district but charged or indicted in another federal district, Rule 40(a) of the Federal Rules of Criminal Procedure, states that the initial detention hearing should be conducted by a judge in the arresting district. While Rule 40(a) details the procedure for initial appearances, it does not explain the process for review of the magistrate judge's decision. Review of a pretrial detention order is governed by 18 U.S.C. § 3145(b). It states in full:
 
 
 7
 If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
 
 
 8
 18 U.S.C. § 3145(b). It is necessary to determine whether the terms of section 3145(b) are permissive or mandatory. We believe that the provisions of section 3145(b) are permissive and that the arresting district under certain situations has the ability to review the detention order of the magistrate judge.
 
 
 9
 It is necessary to examine the actual words used in the statute. The statute provides that a person "may" file a motion for revocation or amendment with the court having original jurisdiction over the offense. This wording is permissive. The words of the statute do not state that a defendant "must" file a motion for amendment with the court having original jurisdiction, i.e., the court in which the complaint or indictment is pending. The statute does not mandate that the motion for revocation must be filed in the court having original jurisdiction over the offense.
 
 
 10
 In addition, the requirement that the motion be determined promptly also evidences that the appeal from the detention order can be heard in the arresting district. The statute states that the motion "shall" be decided promptly. It is a mandatory requirement that a defendant's motion for revocation be considered in a timely manner. This additional requirement of promptness indicates that the arresting jurisdiction has the power to review the decision of a magistrate judge regarding a pretrial detention order. It cannot be considered a prompt review if a defendant must be moved to another jurisdiction and obtain counsel in the pending jurisdiction prior to a determination of the merits of the detention order.
 
 
 11
 The district court erroneously concluded that the plain language of the statute dictates that the Northern District of West Virginia was the only court to review the decision of the magistrate judge. The words of the statute do not plainly indicate that jurisdiction to hear an appeal only lies in the prosecuting district.
 
 
 12
 In support of its decision, the district court cites United States v. Evans, 62 F.3d 1233, (9th Cir.1995), and United States v. Torres, 86 F.3d 1029 (11th Cir.1996) (order), the only circuit court opinions on this issue. Evans involved the arrest of a defendant in Arizona on a warrant for charges pending in West Virginia. Id. at 1234-35. A magistrate judge in Arizona issued an order of pretrial detention. Id. at 1235. Evans appealed the detention order to the District Court for the District of Arizona. Id. The district court adjudicated the merits of Evans' appeal and ordered him released on bond. Id. The release order was appealed to the United States Court of Appeals for the Ninth Circuit. Id.
 
 
 13
 On appeal, the majority concluded that the Arizona district court did not have jurisdiction to hear an appeal from the magistrate judge's order of pretrial detention. Id. at 1235. It based its decision on an interpretation of the words "the court having original jurisdiction over the offense" in 28 U.S.C. § 3145(b). The court reasoned that "the court" is the "district court in which the prosecution must 'originally' be commenced in order to be sustained." Id. at 1237.
 
 
 14
 In the Evans' dissent Judge Noonan disagreed with the conclusion of the majority and its determination that the district court did not have jurisdiction to hear an appeal from the pretrial detention order of the magistrate judge. Judge Noonan determined that the district court properly reached the merits of Evans' appeal. Id. at 1239. Judge Noonan based his determination on the relationship between Article III judges and magistrate judges. Id. at 1239.
 
 
 15
 Judge Noonan based his decision on several reasons. First, the words of 18 U.S.C. § 3145 are ambiguous. Id. Second, while Rule 40 of the Federal Rules of Criminal Procedure, indicates that bail papers are eventually to be sent to the court where prosecution is pending, it does not indicate whether these papers should have first been reviewed by the district court having jurisdiction over the magistrate judge who issued the order. Id. Third, the factors to be considered when granting bail are apt to be determined by a district court in the arresting jurisdiction if the defendant is a resident of that jurisdiction. Id. Fourth, the determination of bond issues in the arresting court gives defendants the promptness required by 18 U.S.C. § 3145 because of the close proximity of the magistrate judge and the district court. Id. Fifth, the jurisdiction of the district court is territorial. Thus the decision of the magistrate judge should be reviewed in the normal manner in which decisions of magistrate judges are reviewed; by the district court in the same jurisdiction. Id. at 1240. Finally, it is reasonable that the magistrate judge's order be reviewed by a district court which exercises control over the magistrate judge. Id. at 1240.
 
 
 16
 In United States v. Torres, 86 F.3d 1029 (11th Cir.1996) (order), the Eleventh Circuit addressed this same issue and concluded that jurisdiction in the arresting jurisdiction was improper. The majority agreed with the majority opinion in Evans. Id. at 1031. At issue in Torres was whether a defendant arrested in Florida for charges pending in Texas could appeal the conditions of his bail to a district court in Florida. Id. at 1030.
 
 
 17
 In Torres, Defendant Fabio Torres was indicted by a grand jury in Texas. Id. He was arrested in Florida and brought before a magistrate judge in Florida. Id. He was released on bond. Id. The Government appealed the magistrate judge's order granting bond to the District Court for the Southern District of Texas. The Texas district court stayed the release order. Id. The Government also appealed the order to the District Court for the Southern District of Florida. The majority opinion in Torres concluded that only the Texas district court had jurisdiction to adjudicate the merits of the release order. Id. at 1031.
 
 
 18
 Like Evans, Torres was a 2-1 decision. The dissent, written by Judge Backett, found persuasive the dissenting opinion in Evans, written by Judge Noonan. Judge Backett reasoned that the territorial nature of the relationship between magistrate judges and Article III judges warrants the review of magistrate orders by the district court having jurisdiction over the magistrate judge. Id. at 1031.
 
 
 19
 This court finds the reasoning in the dissents in Evans and Torres persuasive and chooses to follow it. The territorial arguments in both opinions are compelling. It is logical that the district court having jurisdiction over the magistrate judge should have the ability to review its decisions. The words of 28 U.S.C. § 3145(b) are ambiguous on their face and do not require a different result. The district court erroneously determined that it did not have jurisdiction to reach the merits of the Defendants appeal. The district court has jurisdiction to review a pretrial detention order issued by a magistrate judge within its jurisdiction, notwithstanding the fact that the charges may be pending in another jurisdiction. Likewise, any appeal from the district court's judgment lies with this court.
 
 
 20
 We therefore VACATE the October 25, 1996, order of the district court dismissing the Defendants' appeal for lack of jurisdiction. We REMAND to the district court for a proper hearing on the merits of the Defendants' appeal.