**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**AKEBO THOMAS, Defendant**

Mag. Crim. No. 97-83(B)

E.D.V.A. (Norfolk Div.)
Crim. No. 2:97cr166

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 21, 1998

H.P. Mabe, Esq., (Assistant U.S. Attorney), *for Plaintiff*

Stephen Brusch, Eso., (Dudley, Topper & Feuerzeig), *for Defendant*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the Court based upon defendant's appeal, dated December 18, 1997, of a Decision and Order of the Magistrate Judge, dated December 17, 1997.

### FACTS

A warrant for arrest of Akebo Thomas ["Thomas"] to answer an indictment on charges of conspiracy to launder money issued on November 21, 1997, in the Eastern District of Virginia, Norfolk Division, in conjunction with drug charges against Angel Ventura, Docket No. 2:97cr166. Pre-printed on the warrant were the words "Bail fixed at $," followed by the typed phrase "NO BOND RECOMMENDATION. GOVT TO MOVE FOR DETENTION," and signed by "Tommy E. Miller, U.S. Magistrate."

Pursuant to this warrant, Thomas was arrested in St. Thomas and brought before the United States magistrate judge for St. Thomas on December 17, 1997, for a removal hearing pursuant to Rule 40 of the Federal Rules of Criminal Procedure. At this hearing, Thomas waived his identity hearing, but requested that the magistrate judge set conditions for release. The government opposed the request for a hearing to set conditions for release. The judge issued the following order:

1. Defendant has waived identification hearing and will be returned to the Eastern District of Virginia forthwith.

2. Defendant's request for bail and detention hearing is denied, the court in the Eastern District of Virginia having indicated in the warrant that no bond recommendation was made and that the government would move for detention. Defendant will be removed to the Eastern District of Virginia where he will be scheduled for appropriate hearings.

3. Defendant will remain in custody pending his initial appearance.

4. The effect of this order will be stayed pending appeal to the district judge.

The next day, defendant filed a notice of appeal of the magistrate's order denying defendant a hearing setting conditions for release.[1] That same day, the government opposed the stay of the order of removal and further moved to dismiss the appeal on jurisdictional grounds.

On January 7, 1998, a hearing was held on the appeal before a district judge of this Court.

## THIS COURT'S JURISDICTION TO HEAR THE APPEAL

### Applicability of 18 U.S.C. § 3145(b)

The threshold question before the Court is whether or not it has jurisdiction to determine if the magistrate judge erred. The United States moved to dismiss the appeal under 18 U.S.C. § 3145(b):

> Review of a detention order. — If a person is ordered detained by a magistrate . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The order shall be determined promptly.

The government claims that only the United States District Court for the Eastern District of Virginia has jurisdiction to hear an appeal of a detention order.[2] The prosecution's position is that section 3145 covers any detention of a defendant, that is, any situation where the person is remanded to custody, not just the detention of a defendant under the Bail Reform Act of 1984, 18

---

[1] Defendant also moved for expedited appeal, requesting a hearing before the district court judge no later than December 19. Due to scheduling difficulties among the Court, defense counsel, and the U.S. Marshal Service during the holiday season, the hearing on the appeal was delayed until the new year.

[2] This interpretation, had there been a detention order pursuant to the Bail Reform Act, is correct. *See U.S. v. Evans*, 62 F.3d 1233 (9th Cir. 1995) (defendant seeking review of detention order must appeal to charging jurisdiction); *U.S. v. Torres*, 86 F.3d 1029 (11th Cir. 1996) (government seeking review of a release order must appeal to indicting jurisdiction). It is notable that in both these cases the magistrate judge held a hearing before issuing the order.

U.S.C. §§ 3141-56 (Ch. 207 — Release and Detention Pending Judicial Proceedings) ["Bail Reform Act"].

Defendant argues to the contrary, however, that "ordered detained by a magistrate" means ordered detained under the Bail Reform Act. Since the magistrate judge below ordered that Mr. Thomas remain in custody without first holding a bail or detention hearing, the order detaining Thomas which he seeks to appeal is not within the scope of the Bail Reform Act. Hence, defendant contends, section 3145(b) has no application, and this Court can entertain the appeal under the "collateral order" doctrine.

This Court agrees with defendant's interpretation of the application of section 3145 and that it does not preclude this Court's jurisdiction to hear this appeal from the magistrate judge's determination, but only if that order is final or otherwise appealable.

### The Collateral Order Doctrine

■ Recognizing that an order remanding a defendant to custody is not a final order which is appealable outside the Bail Reform Act, Mr. Thomas asserts the exception to the final order requirement falling under the rubric of the collateral order doctrine. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949). An order is appealable as a collateral order if "(1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment." *In re Ford Motor Co.*, 110 F.3d 954, 958 (3d Cir. 1977) (*citing Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 860 (3d Cir. 1994)).

■ Here, the Virgin Island's magistrate judge conclusively determined that Thomas would receive no bail or detention hearing in the jurisdiction of his arrest, the Virgin Islands, thus meeting the first requirement. Whether Thomas has a right to such a hearing under the Bail Reform Act in the Virgin Islands in connection with his RULE 40 proceeding is divorced from the determination of his guilt in the Eastern District of Virginia, thus satisfying the second requirement. Finally, the third requirement is met because the arresting jurisdiction's magistrate judge's order will be otherwise

unreviewable once Mr. Thomas is transferred to Virginia and his innocence vel non of these charges is determined. Thus, the collateral order doctrine applies, and this Court has jurisdiction to hear this appeal.

## DEFENDANT'S RIGHT TO A RELEASE HEARING UNDER RULE 40

When a defendant is arrested for an offense not triable by a magistrate judge pursuant to RULE 5 of the FEDERAL RULES OF CRIMINAL PROCEDURE, he is to be taken without delay before a judicial officer, usually the nearest available magistrate judge. If she is arrested in the jurisdiction in which the warrant for arrest issued, she is informed of the complaint and advised of her rights and admitted to bail or detained. If the defendant is arrested in a jurisdiction other than the one issuing the warrant, RULE 40(a) requires that she be brought without unnecessary delay before the nearest magistrate judge for the same preliminary proceedings under RULE 5, and to make sure that the person arrested is the person named in the warrant. In either instance, RULE 5(c) requires that the magistrate judge "shall detain or conditionally release the defendant as provided by statute or in these rules," which this Court interprets as a reference to the release and detention provisions of the Bail Reform Act, Chapter 207 of Title 18. In fact, RULE 40(f) incorporates these provisions of the Bail Reform Act.

> Release or Detention. If a person was previously detained or conditionally released, pursuant to chapter 207 of title 18, United States Code, in another district where a warrant, information, or indictment issued, the federal magistrate judge shall take into account the decision previously made and the reasons set forth therefor, if any, but will not be bound by that decision. If the federal magistrate judge amends the release or detention decision or alters the conditions of release, the magistrate judge shall set forth the reasons therefore in writing.

The government argues that the insertion on the warrant at "Bail fixed at $" of "NO BOND RECOMMENDATION. GOVT TO MOVE FOR DETENTION" amounts to a determination by the magistrate judge in the charging jurisdiction. This Court disagrees.

It is clear from the record that there was no proceeding conducted by the magistrate judge in the Eastern District of Virginia under the Bail Reform Act which resulted in an order that no bond would be appropriate. No release hearing was held in Virginia because the defendant was here in the in the Virgin Islands. Since Thomas was not detained or conditionally released by the Virginia magistrate judge pursuant to the Bail Reform Act, there was no Chapter 207 release or detention order to influence the Virgin Islands magistrate judge per RULE 40(f).

At best the language at the "Bail fixed at $" line on the warrant was inserted pursuant to the archaic provision of RULE 9(b)(1) of the FEDERAL RULES OF CRIMINAL PROCEDURE, which cannot supersede the provisions of the Bail Reform Act. RULE 9 governs the issuance of a warrant or summons upon indictment or information. Without requiring any sort of hearing, RULE 9(b)(1) authorizes the magistrate judge to fix an amount of bail and endorse it on the warrant. This provision was adopted in 1944 and states a practice then "prevailing in many districts and is intended to facilitate the giving of bail by the defendant and eliminate delays between arrest and the giving of bail." FED. R. CRIM. P. 9 advisory committee's note to the 1944 Adoption. It is patent that a practice adopted forty years before the 1986 Bail Reform Act cannot override the provisions for pretrial release or detention as currently enacted by Congress in Chapter 207 of Title 18.

■ Moreover, the Advisory Notes to RULE 9(b)(1) make clear that it was intended to facilitate a defendant's making bail between arrest on the warrant and appearance before a judicial officer. It was not intended to give the prosecutor a non-reviewable tool to detain a defendant arrested in another district, which appears to be the practice in some districts.[3] The intended purpose of RULE 9(b)(1) is perverted when present-day prosecutors use it to request that magistrate judges endorse no bond or detention on warrants. A United States Attorney was not allowed to seek pretrial deten-

---

[3] Based on RULE 40 proceedings which have come to the Court's attention, it has become the practice of Assistant U.S. Attorneys to request detention or no bond, and of the magistrate judges routinely to use RULE 9(b)(1) to endorse detention or no bond on warrants issued upon indictments handed down in other districts.

tion of a defendant in a non-capital case at the time the practice of endorsing a bail amount was incorporated in the criminal rules in 1944. When the provisions for release on bail in federal courts were first reformed by the Bail Reform Act of 1966 it was "in order to assure that all persons, regardless of their financial status, shall not needlessly be detained pending their appearance to answer charges" and to further the goals of the Judiciary Act of 1789's provision that "'upon all arrests in criminal cases, bail shall be admitted, except where the punishment may be death.'" H.R. Rep. No. 89-1541, at 7-8 (1966). It was not until the 1984 Bail Reform Act that the United States Attorney was given the statutory right in section 3142(f) to seek pretrial detention and the court was granted broad authority to detain before trial persons who have been accused of federal offenses. In view of this history, an endorsement of "no bail" on a warrant via Rule 9(b)(1) cannot be used to circumvent the mandate of Rules 5 and 40 that the magistrate judge in the arresting district conduct a release hearing under the Bail Reform Act and either set conditions for the defendant's release or detain the defendant.

 This Court further rules that a bail amount endorsed on a warrant by the magistrate judge, or district judge, which has not been determined in proceedings conducted under the Bail Reform Act has no bearing on the detention or conditional release decision to be made by the magistrate judge conducting the Rule 40 hearing in the arresting jurisdiction. The arresting magistrate judge is not bound by whatever the magistrate judge, or even a district judge, in the indicting district endorses on a warrant under Rule 9(b)(1).[4] This Court further holds that Rule 40 requires that the magistrate judge in the arresting district *must* conduct a hearing under the Bail Reform Act. If such a hearing had been held in the charging district, then Rule 40(f) requires only that the arresting magistrate judge take that decision into account in making his independent assessment of the facts after a full release or detention hearing.

---

[4] Based on the words typed on the warrant by the issuing magistrate judge, namely, "NO BOND RECOMMENDATION. GOVT TO MOVE FOR DETENTION," it is doubtful that this even rises to the endorsement contemplated by Rule 9(b)(1). Rather, it appears to be merely a recitation of the magistrate judge of what the prosecutor intends to seek once the accused is brought before a judicial officer as required by Rules 5 and 40.

Rule 40 and 18 U.S.C. § 3145 take into account the differing interests of the charging and the arresting jurisdictions and appropriately allocate the authority between the two for detaining the defendant or setting his release conditions. The magistrate judge in the arresting jurisdiction holds the initial hearing to determine the conditions under which the defendant should be released, or whether the defendant should be detained if the government makes the request in the Rule 40 proceeding. It is appropriate that the arresting jurisdiction have this initial role because this is where the defendant more often than not will reside and work and where her community ties can be most easily presented by the defendant and most accurately evaluated by the magistrate judge presiding there as they bear on setting the conditions for release or ordering detention.[5]

At the same time, Rule 40 and section 3145 also recognize that it is the charging or indicting jurisdiction in which the defendant will be tried for the alleged offense(s) which has the greatest interest in his appearing for trial and his potential for danger to the community.[6] The interests of the jurisdiction where the crime was allegedly committed are recognized and accommodated by the provisions of section 3145 requiring that all appeals of the detention or release order entered by the arresting magistrate judge shall be to a district judge in the charging jurisdiction. Thus, the district which has the greatest interest in the prosecution of the defendant is allocated the final decision on the defendant's detention or conditional release before trial.[7] Rule 40(f) also accommodates this greater interest by requiring the magistrate judge in the arresting

---

[5] The factors to be considered by a judicial officer in granting or denying bail, such as the accused's "character, family ties, employment, financial condition, length of residence, community ties" have been described as "best determined by the court in which the person is apprehended if the person happens, as is the case here, to be a resident of the district in which apprehended." *U.S. v. Evans*, 62 F.3d 1233, 1239 (9th Cir. 1995) (Noonan, J., dissenting).

[6] For example, the prosecutors in the charging district should retain the option of waiting until a defendant arrested in another district first appears before the magistrate judge of the indicting district to move for detention under 18 U.S.C. § 3142(f). *United States v. Dominguez*, 783 F.2d 702, 705 (7th Cir. 1986) (holding that the nature and circumstances of the charged offense(s) and the weight of the evidence against the defendant of § 3142(g)(1) and (2) are best assessed in the charging district).

[7] But even the judicial officers of the charging district look to the home or arresting district in assessing the defendant's history and characteristics factored into § 3142(g)(3),

district to give deference to any determination of pretrial detention or conditional release ordered pursuant to the Bail Reform Act by a magistrate judge in the charging district.

## CONCLUSION

For the foregoing reasons, the matter will be remanded to the magistrate judge to conduct a hearing pursuant to the Bail Reform Act.

ENTERED this 21st day of January, 1998.

## ORDER

For the reasons set forth in the foregoing Memorandum, it is hereby

ORDERED that this matter is REMANDED to the Magistrate judge to hold a hearing pursuant to the Bail Reform Act forthwith.

ENTERED this 21st day of January, 1998.

---

including "family ties, employment, financial resources, length of residence in the community, community ties, past conduct." *See Dominguez*, 783 F.2d at 706-07 (the rebuttable presumption of defendant's dangerousness and that no conditions will assure defendant's appearance contained in § 3142(e) were rebutted by evidence of the § 3142(g)(3) factors of social stability and absence of relevant criminal record in the home district where the defendants were arrested).