# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-1031

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JESUS VEGA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 978—**Amy J. St. Eve**, *Judge.*

SUBMITTED JANUARY 5, 2006—DECIDED FEBRUARY 23, 2006[Œ]

Before COFFEY, KANNE, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* In this appeal, we must decide which district court is the proper one to review conditions imposed on an individual who is charged with a crime in one district, but who is apprehended and arraigned in a different district. Relying on the plain language of 18 U.S.C. § 3145(a), the district court concluded that the answer is the place where the charges are pending—a conclusion that required it to dismiss the case for want of jurisdiction. We too read the statute that way, and we therefore affirm.

---

[Œ] This Opinion was initially released in typescript form.

Jesus Vega was charged in the Eastern District of Virginia with conspiracy to possess with intent to distribute cocaine, marijuana, and methamphetamine. After the Virginia court issued a warrant for Vega's arrest, the police eventually caught up with him in Chicago. Upon his arrest, they took him before a magistrate judge in the Northern District of Illinois to answer charges contained in an "Affidavit of Indictment in Removal Proceedings." Magistrate Judge Keys of that court held a detention hearing, determined that with proper conditions Vega would appear in Virginia, and granted him release on bond.

At the government's request, Judge Keys stayed the release order while the government moved for review in the Eastern District of Virginia. Judge Ellis of the Virginia district court entered a temporary stay of the release order and ordered that Vega be transported to the Eastern District of Virginia for a detention hearing. Vega then filed in the Northern District of Illinois an "Emergency Motion for Immediate Release and Stay of Removal Order Pending Release." Judge St. Eve dismissed Vega's motion for lack of jurisdiction and Vega appeals.

The only question before this court is whether Magistrate Judge Keys's release order should be reviewed in the Northern District of Illinois or in the Eastern District of Virginia. The governing statute reads in relevant part:

> **(a) Review of a release order.**—If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> (1)  the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2)  the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

18 U.S.C. § 3145(a). The statute allows for review of the order by either party, and it has this to say about where the review must be sought: "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." *Id*. The question before us is whether the phrase "the court having original jurisdiction" limits review only to the court where the charges are actually pending, or if (as Vega argues) it allows review in any federal court that has jurisdiction over federal crimes.

The problem with Vega's suggestion is that it effectively reads the contested phrase out of the statute. All federal district courts have jurisdiction over federal crimes, thanks to 18 U.S.C. § 3231; Vega's reading leaves the words "the court having original jurisdiction" with no purpose at all to serve. Reading the phrase as a limitation, as we must for it to serve any useful function, it can only mean the court where charges are pending. Perhaps it would have been preferable as a drafting matter to have used statutory language that mirrors the formula used in the Federal Rules of Criminal Procedure. See, *e.g.*, Rule 5(c)(3)(D) (magistrate judge must transfer defendant to "district where the offense was allegedly committed" after making certain findings); Rule 5.1(b) (defendant may elect to have preliminary hearing conducted in "district where prosecution is pending"). Even without this congruence, however, the phrase makes sense only as a limitation of review to the court where charges are pending. See *United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996) ("The plain language of section 3145 dictates that the district court with original jurisdiction over the offense, *i.e.*, the prosecution district . . . is the only proper one to review the order in question.").

Even if we thought that the statutory language was ambiguous, we would resolve any such ambiguity in favor of requiring review in the district court where the pros-

ecution is pending, just as our sister circuits have done. See *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003); *United States v. El-Edwy*, 272 F.3d 149 (2d Cir. 2001); *United States v. Evans*, 62 F.3d 1233 (9th Cir. 1995), but see *United States v. Johnson*, No. 96-4173, 1996 WL 711592 (6th Cir. Dec. 10, 1996) (unpublished order). Rules 5 and 40 guarantee that a defendant will not forcibly be brought to a different state until the government produces a warrant and a judge determines that the defendant is the same person named in the warrant, information, or indictment. See Fed. R. Crim. P. 5(c)(3)(D)(i), (ii); 40(b). But the rules mandate only that the initial appearance be in the district of arrest. After that appearance, and a preliminary hearing if the charge is sufficiently serious, the defendant must be transferred to the charging district. See Rule 5(c)(3)(D). At that point, it is the court where the charges are pending that is responsible for any rulings that may be necessary to guarantee the defendant's presence for proceedings.

Vega argues that because the district court's review of a release or detention order involves a weighing of the factors listed in 18 U.S.C. § 3142(g), it makes more sense to conduct the review in the district where the defendant is arrested. He suggests that the latter court will have better access to witnesses from the defendant's community who can provide information about the defendant's history and characteristics. But it is just as likely that a defendant is from or has ties to the community where an alleged crime was committed. And there are other factors in section 3142(g), such as the nature and circumstances of the offense charged and the weight of evidence against the defendant, that are more easily weighed in the charging district.

Under 18 U.S.C. § 3145, the government or a charged party who moves for review of a release or detention order must do so in the court where charges are pending, regardless of where the initial appearance and detention hearing took place. The district court below correctly concluded that

it did not have jurisdiction over Vega's motion for review and enforcement, and accordingly ordered that the defendant be transferred to the court of competent jurisdiction, the Eastern District of Virginia. Accordingly, the district court's order is summarily AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*