**UNITED STATES of America,
Plaintiff(s),**

v.

**Tony GODINES–LUPIAN
(1), Defendant(s).**

**Criminal No. 11–367 (GAG).**

United States District Court,
D. Puerto Rico.

Oct. 5, 2011.

Jose Capo–Iriarte, United States Attorneys' Office, Hato Rey, PR, for Plaintiff.

### ORDER

GUSTAVO A. GELPÍ, District Judge.

Defendant Tony Godines–Lupian ("Godines") was indicted by a Grand Jury in

---

the District of Puerto Rico, and charged in two counts with violating Title 21 U.S.C. secs. 841, 843 and 846. The indictment charges that from on or about 2010, in the Districts of Puerto Rico, California and Florida, as well as in Mexico, Godines and twenty seven (27) other individuals conspired to possess with intent to distribute in excess of 1000 kilograms of marijuana. The objects of the conspiracy were to purchase, transport, and distribute large amounts of said controlled substance throughout Puerto Rico, all for significant financial gain and profit, without detection from federal and Commonwealth authorities. The defendants would go to extreme measures to ship and distribute the marijuana, as well as to transport large sums of currency-for example, frequently changing cellular phone numbers, laundering the proceeds through legitimate businesses, and, storing the same in stash houses within exclusive housing developments in Puerto Rico. Defendants also used the U.S. Postal Service to further their illegitimate goals. In addition, some defendants possessed and carried firearms in furtherance of their drug trafficking activity, and even went as far as discussing killing individuals believed to have stolen some of the drug. The indictment specifically identifies Godines, defendant number 1, as a leader and supplier of the organization.

Godines was arrested in the Central District of California on September 29, 2011, and brought before Magistrate Judge Patrick J. Walsh for his initial appearance. Thereat, Judge Walsh denied the Government's request for detention and ordered his release, setting the following conditions: secured bail in the amount of $400,000.00, consisting in two individual affidavits of surety in the amount of $100,000.00, posted by his mother and wife, as well as by a secured bond deeded by property, posted by his cousin. *See* Docket No 59–1.

On October 3, 2011, the United States Attorney for the District of Puerto Rico sought *de novo* review of this order by a district judge, pursuant to Title 18 U.S.C sec. 3145(a)(1). *See* Docket No. 59. In said motion, the Government also sought a stay of Magistrate Judge Walsh's release order.

The undersigned District Judge, to whom this case has been randomly assigned, granted a stay of the release order. *See* Docket No. 74. In addition, the undersigned ordered the U.S. Marshal to transport and produce Godines in this District within five (5) days of his Rule 5 identity hearing, scheduled for tomorrow in the Central District of California, for an immediate *de novo* bail hearing. *Id.* More important, to safeguard defendant's Constitutional and statutory rights, the court appointed former Federal Public Defender Joseph C. Laws—a highly experienced attorney—as his counsel. *See* Docket No. 81.

The court notes that it is most unusual and seldom seen that an Article III United States District Judge from the District of Puerto Rico, stay a release order from a United States Magistrate Judge across the Nation, and of the District where Godines was arrested. However, this is the law. Title 18 U.S.C. sec. 3145 provides for the review of a magistrate judge's order by "the court having original jurisdiction over the offense." Clearly, it is this court in the District of Puerto Rico that has jurisdiction over the offense, as the indictment was issued by a Grand Jury herein. Federal Rule of Criminal Procedure 40 requires that an arrested defendant be brought to the nearest magistrate judge. In this instance, the arrest took place in

128

the Central District of California, so Judge Walsh properly presided over Godines' initial appearance, and will proceed over his identity hearing. Following this, Rule 40(c) requires Judge Walsh to "forward all the papers and any bail retained" to the charging district, to wit, Puerto Rico.

Although the First Circuit has not had the opportunity to make the above analysis, other sister courts—including the Ninth Circuit in which the Central District of California lies—have ruled consistently with the undersigned, who is likewise persuaded by their *ratio decidendi*. *See United States v. Evans*, 62 F.3d 1233 (9th Cir.1995); *see also, United States v. Vega*, 438 F.3d 801 (7th Cir.2006); *United States v. Cisneros*, 328 F.3d 610 (10th Cir.2003); *United States v. Torres*, 86 F.3d 1029 (11th Cir.1996). It is, hence, the district court where the prosecution is pending, rather than that of the arrest, that has the statutory authority to review a magistrate judge's release or detention order.

Accordingly, the undersigned district judge shall set a *de novo* bail hearing immediately upon Godines' arrival to this district.

**SO ORDERED.**