**UNITED STATES of America,**

v.

**Juan Jose QUINNONES, a/k/a "Papo", et al., Defendants.**

**No. 85 Cr. 625.**

United States District Court, S.D. New York.

April 30, 1985.

Rudolph W. Giuliani, U.S. Atty. by Stephen F. Markstein, New York City, for the U.S.

Lawrence Farkash, New York City, for defendant Maria Torres.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

Defendant Maria Torres is charged with conspiring to violate the federal narcotics law, 21 U.S.C. sections 812, 841(a)(1), 841(b)(1)(A) as before amendment on October 12, 1984, and 21 U.S.C. section 812, 841(a)(1), 841(b)(1)(A)(i) & (ii), and 841(b)(1)(B), as amended on October 12, 1984. She is one of nineteen codefendants alleged to have conspired to distribute Schedule I and Schedule II narcotic controlled substances, to wit, heroin and cocaine. On March 7, 1985, following defendant's arrest, a detention hearing was held in Camden, New Jersey before the Honorable Jerome B. Simandle, United States Magistrate for the District of New Jersey. Magistrate Simandle ordered that the defendant be detained but did not issue a written detention order required under the recently enacted Bail Reform Act, 18 U.S.C. section 3142(i). Although the transcript of the hearing indicates that he originally intended to issue such an order, the Assistant United States Attorney in Camden handed Magistrate Simandle a removal order at the end of the hearing and apparently confused him as to the need for a detention order.

On April 9, 1985, a hearing to review the Magistrate's determination to detain defendant was held before this court. At that time it was learned for the first time that no written order of detention had been issued. Accordingly, a hearing was held the next day at which time this court determined those conditions which would insure that defendant would not flee and would not pose a danger to the community. A written release order, dated April 10, 1985, then was issued and defendant Torres was released. The determination of this court to release defendant Maria Torres was based on the following reasons.

## DISCUSSION

18 U.S.C. section 3142(i) provides in relevant part:

CONTENTS OF DETENTION ORDER. —In a detention order issued pursuant to the provisions of subsection (e), the judicial officer shall—

(1) include written findings of fact and a written statement of the reasons for the detention;

(2) direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) direct that the person be afforded reasonable opportunity for private consultation with his counsel; and

(4) direct that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

*See also* Hse.Rpt. No. 98–1030, Appropriations Committee, Continuing Appropriations, 1985—Comprehensive Crime Control Act of 1984, September 17, 1984, p. 28, U.S.Code Cong. & Admin.News 1984, p. 3182.

 It is a fundamental principle of statutory interpretation that if the statutory language is clear and unambiguous, the court is not permitted to adopt an interpretation different from that directed by the language. *See, e.g., Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); *United States v. Holroyd,* 732 F.2d 1122, 1125 (2d Cir. 1984). As the Supreme Court has noted: [w]here the language is plain and admits no more than one meaning, the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1916). The provision of the Bail Reform Act in issue is unambiguous in its

**76**

terms and the procedural safeguards incorporated into the Act must be strictly applied. *United States v. Payden,* 759 F.2d 202, 204–05 (2d Cir.1985). Accordingly, pursuant to the express language of the statute, a written detention order containing the information enumerated above must be issued whenever a defendant, after a detention hearing, is ordered to be detained prior to trial and deprived of his or her liberty during the period of time in which the presumption of innocence is extremely important.

Because the statutory requirements were not complied with in this instance, this court was compelled to order the release of defendant Torres on a combination of conditions which would ensure her appearance at court hearings and protect the safety of other persons and the community. This result was necessitated because the procedural requirements of the Bail Reform Act cannot be applied imprecisely. *Id.,* at 205. Whenever a defendant is ordered detained prior to trial and thus deprived of his liberty interest, the Bail Act mandates that a written detention order, containing certain specified information be issued.

SO ORDERED.