**UNITED STATES of America**

v.

**Victor JANZE, M.D.**

**No. C–89–0004M–1.**

United States District Court,
M.D. Pennsylvania.

Feb. 9, 1989.

Robert J. DeSousa, Asst. U.S. Atty., Scranton, Pa., for plaintiff.

Melinda C. Ghilardi, Asst. Public Defender, Scranton, Pa., for defendant.

## MEMORANDUM

JOSEPH F. CIMINI, United States Magistrate.

Victor Janze, M.D. was arrested in the Middle District of Pennsylvania by Deputy United States Marshals and on February 1, 1989, was brought before the undersigned

United States Magistrate for an appearance in Court. The basis for Doctor Janze's arrest was a bench warrant issued January 30, 1989, on the Order of the Honorable Charles H. Haden, II, Chief Judge of the United States District Court in the Southern District of West Virginia. Chief Judge Haden's Order specified that the defendant had failed to appear in his court for a hearing scheduled on the Government's motion for a psychiatric evaluation.

The Federal Public Defender for the Middle District of Pennsylvania was appointed to represent Victor Janze, M.D. in proceedings before this Court. Both the Government and the defense agreed that the matter at bar is governed by Rule 40(e) of the Federal Rules of Criminal Procedure,[1] inasmuch as Victor Janze, M.D. was a person arrested here in the Middle District of Pennsylvania on a warrant issued in another federal judicial district (the Southern District of West Virginia) because of his failure to appear there as required. The defense was satisfied that the copy of the Warrant for Arrest which had been produced was a true and accurate copy of the original, so that this Court need not have awaited production of the original or certified copy thereof. In addition, the defendant present in court admitted that he was the Victor Janze, M.D. named in the West Virginia federal warrant.

Accordingly, the Magistrate decided to hold the defendant Victor Janze, M.D., to answer in the United States District Court for the Southern District of West Virginia, the district in which the warrant was issued. Federal Rules of Criminal Procedure 40(e). There remained, however, the question of whether Victor Janze, M.D. would have to return to that other district as a detained prisoner or as a defendant released under conditions, pursuant to the Bail Reform Act of 1984, Title 18 United States Code, sections 3141 *et seq.* To this end, the Magistrate conducted a hearing on February 3, 1989, to consider the Government's motion to have the defendant detained without bail.[2] The results of that hearing have been orders which hold Victor Janze, M.D. to answer in the United States District Court for the Southern District of West Virginia, directing him to appear at all proceedings as required, and which cause him to be detained without bail to and including February 14, 1989, so that his custody may be transferred to said District. Those orders were entered on February 3, 1989, immediately after the hearing. The purpose of this Memorandum is to "flesh out" the written Order of Temporary Detention to Permit Revocation of Conditional Release, Deportation or Exclusion. For, although said Order of Temporary Detention clearly satisfies Title 18 United States Code, section 3142(d), further elaboration appears to be appropriate in view of the circumstances peculiar to this particular case.[3]

The new Title 18 United States Code, section 3142, is the heart of the Bail Reform Act of 1984, *supra.* It provides, in its subsection (a), that when a person charged with an offense is brought before a judicial officer the officer is supposed to take one of four courses of action, including one that applies only in those situations in which the person arrested is already on a form of conditional release, such as pretrial release for another federal offense, and in which the judicial officer determines that

---

1. Rule 40(e): Arrest for Failure to Appear.

   If a person is arrested on a warrant in a district other than that in which the warrant was issued, and the warrant was issued because of the failure of the person named therein to appear as required pursuant to a subpoena or the terms of that person's release, the person arrested shall be taken without unnecessary delay before the nearest available federal magistrate. Upon production of the warrant or a certified copy thereof and upon a finding that the person before the magistrate is the person named in the warrant, the federal magistrate shall hold the person to answer in the district in which the warrant was issued.

2. The United States had moved for, and was granted, a continuance, pursuant to Title 18 United States Code, section 3142(f), so that the hearing was held two (2) days subsequent to Doctor Janze's initial appearance, instead of immediately.

3. Compare the dictates of Section 3142(i), regarding a detention order issued pursuant to Section 3142(e). *Cf.: United States v. Quinnones,* 610 F.Supp. 74, 75 (S.D.N.Y.1985.)

the person may flee or pose a danger to another person or to the community. In such a situation, the judicial officer must order the person temporarily detained for up to ten days—not counting Saturdays, Sundays, and holidays—and must direct the attorney for the Government to notify the appropriate probation (or pretrial services) officer. Title 18 United States Code, section 3142(d). With regard to the defendant in this case, Victor Janze, M.D., both the Government and the defense agreed that Section 3142(d) would govern should an order of detention be issued.

■ The Government stated its position in this matter with the support of a well prepared brief from Assistant United States Attorney DeSousa. Equal to the task were the arguments of Assistant Federal Public Defender Melinda C. Ghilardi. At the outset, the Government took the position that this defendant has not been entitled to bail by the very provisions of Rule 40(e) of the Federal Rules of Criminal Procedure. The Government's interpretation was that the clause, "the federal magistrate shall hold the person to answer in the district in which the warrant was issued", contemplates detaining the defendant without bail. The defense disagreed with this interpretation, as did the Magistrate. It has been the Magistrate's view that to "hold the person to answer" does not also mean to detain him or her without bail automatically. Both the Bail Reform Act of 1984, *supra*, and Rule 40 of the Federal Rules of Criminal Procedure make provision for the conditional release of a person in the circumstances which arose in the case at bar. Accordingly, having decided that the individual appearing before him in Court was the same Victor Janze, M.D. named in the bench warrant from the Southern District of West Virginia, and having found that this person should be held to answer in said Southern District,

the Magistrate was to proceed under Rule 40(f) of the Federal Rules of Criminal Procedure.[4]

Defendant Janze, therefore, was an individual who, in terms of Rule 40(f), previously had been conditionally released, pursuant to chapter 207 of Title 18, United States Code. Defendant had been on pretrial release, awaiting retrial following a mistrial in the Southern District of West Virginia, the district where the bench warrant issued on January 30, 1989. Evidence furnished in connection with proceedings before the Magistrate established that Victor Janze, M.D. was the subject of an Appearance Bond filed in the Southern District of West Virginia. The evidence further established that attached to said Bond were certain "Special Conditions", as well as an acknowledgement of this defendant that he was aware of the conditions of release, that he promised to obey all conditions of release, and that he was aware of the penalties and sanctions set forth in the March 24, 1988 Order of Southern District of West Virginia United States Magistrate Jerry D. Hogg, which directed his release after processing. Moreover, the Magistrate also was furnished evidence of the fact that Chief Judge Haden, on February 2, 1989, had entered an Order which amends his January 30th Order giving rise to the bench warrant. And, the jurist's later ruling explicitly expresses "the Court's intention that the [d]efendant be detained without bond until he is returned to [the Southern] District [of West Virginia]."

While Rule 40(f) does state that a federal magistrate is not bound by the release or detention decision made in the other federal judicial district where the warrant issued, it also does state that a federal magistrate is to take into account the decision previously made and the reasons set forth therefor. Rule 40(f) is clear that, if the

---

4. Rule 40(f): Release or Detention.
   If a person was previously detained or conditionally released, pursuant to chapter 207 of title 18, United States Code, in another district where a warrant, information, or indictment issued, the federal magistrate shall take into account the decision previously made and the

reasons set forth therefor, if any, but will not be bound by that decision. If the federal magistrate amends the release or detention decision or alters the conditions of release, the magistrate shall set forth the reasons therefore in writing.

federal magistrate amends the release or detention decision or alters the conditions of release, the magistrate shall set forth the reasons therefor in writing.

■ Although the United States District Court for the Southern District of West Virginia had issued written orders, first directing that Victor Janze, M.D. be arrested and, later, expressing the intention that he be detained without bond until he is returned to that other district, no order issued which, to the Magistrate's knowledge, revoked his Appearance Bond and otherwise altered the conditions of his pretrial release. But, even if such action had been taken during Defendant Janze's absence from the Southern District of West Virginia, it still would remain the responsibility of the undersigned United States Magistrate to proceed pursuant to Rule 40(f). *Cf.:* Wright, *Federal Practice and Procedure: Criminal*, section 655.

Proceeding pursuant to Rule 40(f) requires the application of provisions of the Bail Reform Act of 1984, *supra*. The statute, in general, envisions some action being taken by the judicial officer before whom a person charged with an offense appears. The action taken is either to release the person on one or more specified conditions or to detain him or her, including temporary detention to permit revocation of conditional release. Title 18 United States Code, section 3142(a)(3). Consequently, in the instant case of Victor Janze, M.D., it was correct for the Magistrate to take action under Title 18 United States Code, section 3142(d).[5]

■ In its Brief supporting the motion to have this defendant temporarily detained to permit revocation of his release status, the Government took the position that its burden would be met just by proving one of two alternative circumstances. According to the Government's argument, proof need only show either that at the time Victor Janze, M.D. failed to appear in the West Virginia federal court, he had been released on conditions pending trial for a felony, Title 18 United States Code, section 3142(d)(1)(A)(i), or that he might flee or pose a danger to any other person or the community, Title 18 United States Code, section 3142(d)(2). The Magistrate found this contention to be without merit; the Government would not meet its burden simply by proving that this defendant had been on pretrial release in connection with felony charges when he failed to appear before Chief Judge Haden.

■ Temporary detention to permit the revocation of conditional release, pursuant to Section 3142(d), *supra*, requires a two-pronged judicial determination as to both the defendant's status and the fact of whether the defendant may flee or pose a danger to any other person or the community. With regard to the former, the statute compels the judicial officer to deter-

---

**5.** 3142(d): Temporary detention to permit revocation of conditional release, deportation, or exclusion.—If the judicial officer determines that—
(1) such person—
  (A) is, and was at the time the offense was committed, on—
    (i) release pending trial for a felony under Federal, State, or local law;
    (ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or
    (iii) probation or parole for any offense under Federal, State, or local law; or
  (B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and
(2) the person may flee or pose a danger to any other person or the community;

such judicial officer shall order the detention of the person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B) of this subsection, the person has the burden of proving to the court such person's United States citizenship or lawful admission for permanent residence.

mine that the person in court is, and was at the time the offense was committed, on

(i) release pending trial for a felony under Federal, State, or local law;

(ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or

(iii) probation or parole for any offense under Federal, State, or local law[.]

Title 18 United States Code, section 3142(d)(1)(A). Alternatively, the judicial officer may determine that such person is not a citizen of the United States or lawfully admitted for permanent residence, as defined in the immigration laws. Title 18 United States Code, section 3142(d)(1)(B). With regard to the latter, the statute compels the judicial officer to determine that the defendant either may flee or pose a danger to any other person or the community. Title 18 United States Code, section 3142(d)(2). There must be two (2) facts determined by the judicial officer to satisfy Section 3142(d) before temporary detention may be ordered. Proof of the defendant's status (*e.g.*, that he or she is, and was at the time the offense was committed, on probation, or that he or she is not a U.S. citizen) does not justify an order of detention under Section 3142(d). The Government also must prove either that the defendant may flee or that the defendant poses a danger to any other person or the community. Proof that the defendant may flee is to be established by a preponderance of the evidence. *United States v. Himler,* 797 F.2d 156, 161 (3d Circuit 1986). Proof that the defendant poses a danger is to be established by clear and convincing evidence. *Cf.: United States v. Delker,* 757 F.2d 1390, 1400 (3d Circuit 1985).

█ Based upon the evidence produced in the case at bar, the Magistrate determined that Victor Janze, M.D. was, and had been at the time he failed to appear in the United States District Court for the Southern District of West Virginia, on release pending trial for a felony under federal law, in that same court. Moreover, the Magistrate determined that Defendant Janze would flee, if he were allowed to return to the West Virginia federal court on his own. The Magistrate held him to be a "flight risk" by a preponderance of the evidence adduced at the in-court proceedings.

A number of facts had been found which supported the Magistrate's determination by a preponderance of the evidence that Defendant Janze may flee. First, the Magistrate gave due consideration to Chief Judge Haden's amended order, in view of Rule 40(f), *supra.* Although not bound by said order, the Magistrate simply could not ignore it and did take into account its language expressing the Court's intention that the defendant be detained without bond until he is returned. Second, the Magistrate found that Doctor Janze had violated at least two of the special conditions of his Bond, *viz.:* he had possessed a dangerous weapon or instrumentality (a stun gun); and, he had failed to report to the United States Probation Officer for an appointment on January 23, 1989, and had offered no explanation or excuse. Third, the Magistrate viewed as evidence fully supporting the Government's burden of proving risk of flight testimony to the effect that Doctor Janze had experienced suicidal feelings, that he had said he wanted to hide, and that he had expressed a desire to go where he could not be found. Fourth, the Magistrate considered the circumstances surrounding his arrest to be most probative of the fact that Doctor Janze might flee. State and local police had accompanied the deputies to the place where he was living at about 8:00 P.M., so that it was not unreasonably late, but still was a "daytime" arrest even though darkness had fallen.[6] The law enforcement personnel had announced their presence and authority, yet Doctor Janze's response was to run and hide in another part of the dwelling to evade capture. This defendant knew, or should have known, why they were looking

---

**6.** The term "daytime" is used in Rule 41 of the Federal Rules of Criminal Procedure, on the subject of search warrants, to mean the hours from 6:00 a.m. to 10:00 p.m. according to local time.

for him and why he was obliged to surrender. Fifth, and finally, the Magistrate found that Doctor Janze had ample opportunity to have received notice from the West Virginia federal court regarding an appearance there on January 30th. If he had not received notice, he had only himself to blame. For, the defense proffer indicated it had been at Doctor Janze's own behest that notices should be sent to the Pen–Y–Bryn Drive address, in Scranton, Pennsylvania. It was the Magistrate's view that it had been the defendant's responsibility—and not the responsibility of his spouse, his mother, brother, family member, or friend—to be aware of any mail coming from the Court. It had been up to Doctor Janze to look for, to expect, and to act upon any notices.

Based upon the foregoing, the Magistrate was convinced by a preponderance of the credible evidence that Victor Janze, M.D. posed a risk of flight serious enough to justify temporary detention.

Appropriate Orders have been entered.