UNITED STATES of America, Plaintiff,

v.

Milton G. BIGALK, Defendant.

No. CRIM.A. 97–0121L–01.

United States District Court,
W.D. Missouri,
Western Division.

Nov. 6, 1997.

Gene Porter, U.S. Attys. Office, Kansas City, MO, for Plaintiff.

Milton Bigalk, Pro se.

Chris Harlan, Federal Public Defender's Office, Kansas City, MO, for Defendant.

### ORDER

LARSEN, United States Magistrate Judge.

Before the court are the government's motion for a detention hearing and motion to continue that hearing for three days. Because I find, pursuant to Federal Rule of Criminal Procedure 40(e), that defendant is not entitled to release on bond or to a detention hearing, the government's motions will be denied.

### I. BACKGROUND

Defendant was charged in the District of Minnesota with various tax-related crimes, and on September 18, 1997, he was released on bond under certain conditions. Condition number 3 directed defendant to appear at all proceedings as required and specifically directed defendant to appear on September 24, 1997, at 9:00 a.m. Defendant failed to appear as required in the District of Minnesota, and an arrest warrant was issued.

Defendant was arrested in Bethany, Missouri, on November 3, 1997, and was presented before me for an initial appearance on

November 4, 1997.[1] During the initial appearance proceeding, the government filed a motion for a detention hearing and a motion to continue the hearing for three days. For the following reasons, the government's motions will be denied as moot.

### II. RULE 40

■ Rule 40 (e), Federal Rules of Criminal Procedure, reads as follows:

(e) **Arrest for Failure to Appear.** If a person is arrested on a warrant in a district other than that in which the warrant was issued, and the warrant was issued because of the failure of the person named therein to appear as required pursuant to a subpoena or the terms of that person's release, the person arrested must be taken without unnecessary delay before the nearest available federal magistrate judge. Upon production of the warrant or a certified copy thereof and upon a finding that the person before the magistrate judge is the person named in the warrant, the federal magistrate judge *shall hold* the person to answer in the district in which the warrant was issued.

(emphasis added).

I find that the plain meaning of the words "shall hold" as used in subdivision (e) compels the conclusion that a defendant arrested on a warrant for failure to appear is not entitled to bond. "Where there is no ambiguity in the words, there is no room for construction. The case must be a strong one indeed, which would justify a court in departing from the plain meaning of the words ... in search of an intention which the words themselves did not suggest". *United States v. Gonzales*, —— U.S. ——, ——, 117 S.Ct. 1032, 1036, 137 L.Ed.2d 132 (1997) (citing *United States v. Wiltberger*, 5 Wheat. 76, 95–96, 5 L.Ed. 37 (1820)).

The word "held" is used in two other subdivisions of Rule 40. First in subdivision (a), the rule states that a person "shall be held to answer upon a finding that such person is the person named in the indictment, information or warrant." Second, in subdivision (c), the rule states that "[i]f a defendant is held or discharged, the papers in the proceeding and any bail taken shall be transmitted to the clerk of the district court in which the prosecution is pending." Although the word "held" as used in subdivision (a) is ambiguous since clearly subdivision (c) allows for bail, I find that the phrase "shall hold" as used in subdivision (e) is not ambiguous and means that the person arrested must be held without bond.

The only case I have been able to find which deals with this issue is *United States v. Janze*, 124 F.R.D. 86 (M.D.Pa.1989). In that case, the United States Magistrate Judge held that the phrase "shall hold" in subdivision (e) does not require the defendant to be held without bond. However, for the following reasons, I am unpersuaded by the reasoning of that case, and I decline to follow it.

In *Janze*, the defendant was released on bond in the Southern District of West Virginia and subsequently failed to appear as required. The Chief District Judge issued an arrest warrant for failure to appear and entered an order explicitly expressing "the Court's intention that the Defendant be detained without bond until he is returned to [the Southern] District [of West Virginia]." Janze was arrested in the Middle District of Pennsylvania. The government argued that pursuant to Rule 40(e), Janze was not entitled to a bond hearing. However, the Magistrate Judge in the Middle District of Pennsylvania found that Janze was entitled to such a hearing, relying on the language of Rule 40(f)[2] after finding that the language "shall hold" in subdivision (e) was ambiguous.

I am not persuaded by the reasoning of *Janze* first because I find the language of Rule 40(e) unambiguous. Second, I find that Rule 40(f) applies to all cases when a defendant is arrested in a district other than that

---

**1.** A Rule 40 identity hearing was set for Thursday, November 6, 1997.

**2.** "If a person was previously detained or conditionally released, pursuant to chapter 207 of title 18, United States Code, in another district where a warrant, information, or indictment issued, the federal magistrate judge shall take into account the decision previously made and the reasons set forth therefor, if any, but will not be bound by that decision...."

wherein he or she is charged; however, Rule 40(e) applies specifically to cases when a defendant is arrested pursuant to an arrest warrant for failure to appear. Any other reading renders subdivision (e) meaningless, for it requires that a person arrested pursuant to a warrant for failure to appear be treated exactly the same as a person arrested for any other reason. If Rule 40 meant to treat all arrestees the same, there would be no reason for the creation of subdivision (e).

Indeed, the Advisory Committee Notes on subdivision (e) state that subdivision (e) was drafted after the Eighth Circuit held that a person on release while petitioning for certiorari who had failed to appear was entitled neither to bond nor an identity hearing when arrested in a different district. *Bandy v. United States*, 408 F.2d 518 (8th Cir.), *cert. denied*, 396 U.S. 890, 90 S.Ct. 180, 24 L.Ed.2d 164 (1969). The notes state that "[c]onsistent with *Bandy*, new subdivision (e) does not afford such a person all of the protections provided for in subdivision (a). However, subdivision (e) does ensure that a determination of identity will be made before that person is held to answer. in the district of arrest." Clearly, in response to *Bandy*, subdivision (e) "reinstated" the right to a Rule 40 identity hearing for a person arrested for failure to appear, but did not "reinstate" the right to a bond hearing.

Finally, subdivision (d) of Rule 40, entitled "Arrest of Probationer or Supervised Releasee", provides that if a person is arrested for a violation of probation or supervised release in a district other than the district having jurisdiction, the person "may be released under Rule 46(c)." Clearly the language "may be released" as used in subdivision (d) cannot have the same meaning as "shall hold" as used in subdivision (e).

## III. PRACTICALITY

Practically speaking, the right to a bond hearing in a situation such as this would be an empty formality. When a defendant fails

to appear as required by his or her conditions of release, a judicial officer may issue a warrant for that person's arrest. 18 U.S.C. § 3148(b). *See also United States v. Evans*, 574 F.2d 352, 355 (6th Cir.1978) ("when an accused person ... fails to appear in court, the judge will issue a bench warrant ordering that person arrested and brought before the court. Such warrants are clearly valid and based on probable cause.... "). After the defendant is arrested, he or she is to appear for a hearing before the judge who set the conditions of release. 18 U.S.C. § 3148(b).

■ The court in *Janze*, citing § 3142(d), stated that the government must prove "that the defendant may flee ... [and][p]roof that the defendant may flee is to be established by a preponderance of the evidence." 124 F.R.D. at 90. I do not believe that § 3142(d) is the appropriate statute to utilize in a situation where a defendant is arrested in one district solely because an arrest warrant was issued in another district. Section 3142(d) begins: "If the judicial officer determines that such person is, and was *at the time the offense was committed*, on release pending trial for a felony under Federal, State, or local law...." 18 *U.S.C.* § 3142(d)(1)(A)(i) (emphasis added). I believe that § 3142(d) is appropriate in situations where a person is arrested for a crime in one district and is found to have been on pretrial release for charges in another district. *See United States v. Himler*, 797 F.2d 156, 158 (3rd Cir.1986) (arrested on charge in W.D. Pa., outstanding Florida arrest warrant); *United States v. Lee*, 783 F.2d 92, 93 (7th Cir.1986) (charged in N.D. Ill. on complaint while on pretrial release on separate indictment); *United States v. Auriemma*, 773 F.2d 1520, 1524 n. 7 (11th Cir.1985) ("[t]en-day detention for benefit of other authorities"); *United States v. Gloster*, 969 F.Supp. 92, 93 (D.D.C. 1997) (defendant arrested for offense in the District of Columbia while on probation in Maryland).[3]

---

3. See also the following unpublished cases: *Government of the Virgin Islands v. Thomas*, 1995 WL 277159 (Terr.V.I., April 20, 1995) (arrested for a shooting while on probation on two prior matters); *United States v. Sullivan*, 1993 WL

148836 (S.D.Ind., April 8, 1993) (arrested for mailing threatening communications while defendant was on state probation in Indiana for criminal recklessness with a deadly weapon).

In a situation where a defendant is arrested in one district either pursuant to a warrant for violations of conditions of release (other than failure to appear) or pursuant to an indictment or complaint filed in another district, the government may move to detain that person without bond in cases that involve a serious risk that the person will flee. 18 U.S.C. § 3142(f)(2)(A).

■ Whether § 3142(d) was the appropriate statute in the *Janze* case is immaterial since both that statute and § 3142(f) require the court to find that the defendant is a flight risk or a danger to the community. The fact that the defendant had already fled resulting in the issuance of an arrest warrant for failure to appear ipso facto establishes by a preponderance of the evidence that the person may flee. Therefore, in every case wherein a defendant fails to appear resulting in the issuance of an arrest warrant for failure to appear, that fact alone establishes by a preponderance of the evidence that the defendant may flee.

### IV. CONCLUSION

I find nothing ambiguous about Rule 40(e). In the context of a case such as this, which Rule 40(e) was designed to address, a defendant is entitled to an identity hearing and nothing more. Any other conclusion defies reason. All such cases, by their nature, will have at least four common facts that are not subject to dispute. First, the defendant will be the subject of a release order by a judge in another federal district. Second, the defendant will have failed to appear as required by the release order. Third, a federal judge will have found at least probable cause that the defendant failed to appear and will have issued an arrest warrant. And fourth, the defendant will be subsequently arrested in a district other than where he or she was ordered to appear. In such a scenario, I find it improbable that when Rule 40(e) says "hold" the defendant, it means "release" the defendant or hold a hearing to determine whether to hold or release the defendant.

■ While there may be an explanation or justification for the defendant's failure to appear, those matters in my judgment should be presented to the judge who set the defendant's conditions of release and not to a judge in the district where the defendant is arrested. Following a hearing in the original district, that judge may then determine whether the defendant knowingly and wilfully violated the conditions of release by failing to appear and whether the defendant's bond should be revoked. 18 U.S.C. § 3148. However, the judge in the arresting district merely has an obligation to hold a hearing to determine whether the person arrested is indeed the person named in the arrest warrant and, if so found, to return that person by way of the United States Marshal Service to the district from whence he came.

Based on the above reasoning, I find that defendant is not entitled to a hearing to determine whether he should be released or detained since he was arrested in this district pursuant to a warrant for failure to appear issued in the District of Minnesota. Therefore, it is

ORDERED that the government's motions for a detention hearing and to continue the hearing for three days are denied as moot.