UNITED STATES of America, Plaintiff,

v.

Alma VEGA a/k/a Armida Vasquez, Defendant.

No. 02–M–30030–ALL.

United States District Court, N.D. California.

March 1, 2002.

---

Michael Malechk, Assistant United States Attorney, San Francisco, CA, for plaintiff.

Rebecca Silbert, Deputy Federal Public Defender, San Francisco, CA, for defendant.

## DETENTION ORDER

CHEN, United States Magistrate Judge.

Defendant Armida Vasquez was arrested in the state of Arizona and charged in federal court with possession of 138 pounds of marijuana. After being released on bond by the District Court in Arizona, defendant Vasquez failed to appear for the preliminary hearing. The District Court issued an arrest warrant for her failure to appear. She was subsequently arrested on the warrant in California and brought before this Court for an initial appearance on February 7, 2002, pursuant to Federal Rule of Criminal Procedure 40.

The government moves for detention arguing that under Rule 40(e), defendant Vasquez is not entitled to a detention hearing. In the alternative, the government argues that defendant Vasquez presented a substantial flight risk and pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, must be detained without bond.

The Court addresses the first question as a threshold determination. Federal Rule of Criminal Procedure 40(e) provides:

> If a person is arrested on a warrant in a district other than that in which the warrant was issued, and the warrant was issued because of the failure of the person named therein to appear as required pursuant to a subpoena or the terms of the person's release, the person arrested must be taken without unnecessary delay before the nearest available federal magistrate judge. Upon production of the warrant or a certified copy thereof and upon a finding that the person before the magistrate judge is the person named in the warrant, the federal magistrate judge shall hold the person to answer in the district in which the warrant was issued.

18 U.S.C. § 3142. The government reads the language of Rule 40(e)—"shall hold the person to answer in the district court in which the warrant was issued"—literally to mean that this Court must "hold" defendant Vasquez in physical custody without bond until she is returned by U.S. Marshals to the District Court in Arizona. In essence, the government argues that under Rule 40(e), this Court has no authority to hold a detention hearing. Defendant Vasquez contends that Rule 40(e) does not preclude bail determination and merely restricts certain procedural rights of the defendant otherwise available under Rule 40(a).

What little case law there is on this question is split. In *United States v. Janze*, 124 F.R.D. 86 (M.D.Pa.1989), the court held that under Rule 40(e), a defendant arrested on a warrant issued in another district for failure to appear is entitled to a bail hearing pend-

ing his return to the charging district. In *United States v. Bigalk*, 175 F.R.D. 628 (W.D.Mo.1997), the court reached the opposite conclusion. This Court agrees with *Janze*.

■ The government correctly identifies that the issue turns on the meaning of the words "hold the person to answer in the district in which the warrant was issued" as appears in Rule 40(e). Although *Bigalk* interpreted "hold" to mean physical custody, *see Bigalk*, 175 F.R.D. at 629, this Court concludes that to "hold the person to answer" simply means requiring the defendant to face charges. This is evident from the context of Rule 40. The nearly identical phrase is used in Rule 40(a) and 40(d). Rule 40(a) provides that if a preliminary hearing is obviated by an indictment or information or waived in the arresting district, upon establishment of his or her identification, the defendant shall be "held to answer" in the district court where the prosecution is pending. Given the context of Rule 40(a) and the fact that Rule 40(f) expressly provides for bail consideration in those circumstances, being "held to answer" under Rule 40(a) means having to answer charges in the originating district court, not being physically held without bail. Similarly, Rule 40(d)(2) provides that as to persons arrested for a violation of probation or supervised release, the court, after conducting a preliminary hearing, must either "hold the person to answer in the district court of the district having jurisdiction" or "dismiss the proceedings and so notify the court." Again, to "hold the person to answer" means requiring the defendant to face charges as opposed to having the case dismissed.

The court in *United States v. Morris*, No. CR 00–MG–267 DEP, 2000 WL 1455244 (N.D.N.Y. Sept. 21, 2000) addressed the argument advanced by the government in the context of Rule 40(a). In *Morris*, the defendant failed to appear for arraignment in the charging district and was later arrested in another district on a warrant issued by the charging district court. The government ar-

gued that "the plain language of Rule 40(a) strips the arresting district of the power to consider the question of release, based upon its interpretation of the phrase 'shall be held to answer' as mandating custody and involuntary transfer to the charging district." *Morris*, 2000 WL 1455244, at *4. The court rejected the argument, concluding:

> It is clear contextually that the term "held", as employed in that rule, means only that the defendant should be required to answer the charges lodged in the charging district. This reading is supported by Rule 5(c), which requires the court to "*hold* the defendant to answer in the district court" the charges pending there upon waiver by defendant or a right to a preliminary examination, something which is not inconsistent with release, either unconditionally or otherwise.

*Id.* at *5 (emphasis in original). The same analysis applies to the term "hold" as used in Rule 40(e). Nowhere in Rule 40 (nor Rule 5) does the term "hold to answer" mean physical custody.[1] Nor does that term as used in common judicial parlance have such meaning. *See United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir.1995) ("[t]he magistrate judge [in the arresting district] makes the decision whether to *hold the person* as the proper defendant *to answer* to the charge, *and if so, whether to release him on bail*") (emphasis added).

Moreover, the Advisory Committee notes to the 1979 amendments to Rule 40 also use the term "held to answer" to mean answering charges. The Note to Subdivision (a) states "the defendant is to be *held to answer* only upon a showing of probable cause." The Note to Subdivision (d) states "the probationer should be *held to answer* in the district court of the district having probation jurisdiction." In each instance, the Advisory Committee addressed requiring the defendant to answer legal charges, not the separate and distinct question of custody or bail pending further proceedings.

---

1. While *Morris* ultimately held that under the Second Circuit's decision in *United States v. Melendez–Carrion*, 790 F.2d 984, 990 (2d Cir.1986), a detention hearing is to be held in the charging

rather than arresting district, for the reasons stated herein *Melendez–Carrion* is not controlling here.

Furthermore, the Advisory Committee Note to Subdivision (e) does not support the government's interpretation. According to the Note, the purpose of Subdivision (e) was to clarify the scope of procedural rights afforded to defendants arrested pursuant to a warrant for failure to appear in another district. The Note cites *Bandy v. United States*, 408 F.2d 518 (8th Cir.), *cert. denied*, 396 U.S. 890, 90 S.Ct. 180, 24 L.Ed.2d 164 (1969), which held that a defendant who failed to surrender himself for sentencing after his conviction was upheld on appeal was a fugitive from justice not entitled to a removal hearing and all the procedural rights inherent therein. The Note states that "[c]onsistent with *Bandy*, new subdivision (e) does not afford such a person all of the protections provided for in subdivision (a)," such as the right to a preliminary hearing otherwise available under Rule 40(a). Rule 40(a) does not address the question of bail. Because Rule 40(a) does not address the question of bail, the restriction of those rights by Rule 40(e) does not pertain to bail.

Rule 40(f) not Rule 40(e)—addresses the question of bail. Subdivision (f) requires that where a person was previously released in another district where the warrant issued, the magistrate judge in the arresting district must take into account the release/detention decision previously made by the court in the charging district, but is not bound thereby. Rule 40(f) affirms that a defendant who initially appears before a magistrate judge in the arresting district under Rule 40 is entitled to a detention hearing. Nothing in the terms of Rule 40(f) excludes from its scope defendants who appear under Rule 40(e).

*Bigalk, supra*, concluded that the more general language of Rule 40(f) does not apply, because Rule 40(e) more specifically applies to cases where the defendant is arrested pursuant to a warrant for failure to appear and that any other reading would render subdivision (e) as, in the court's view, it would require "that a person arrested pursuant to a warrant for failure to appear be treated exactly the same as a person arrested for any other reason." *Bigalk*, 175 F.R.D. at 630. But as stated above, permitting bail under Rule 40(f) does not render Rule 40(e), because it functions to limit rights otherwise available under Rule 40(a)—rights other than bail.

In addition to the text of Rule 40 and Advisory Committee Notes, the Bail Reform Act of 1984, which post-dates the 1979 amendment adding Rule 40(e), requires individualized consideration of bail for all arrestees in federal court. Nothing in its terms excludes those arrested pursuant to a warrant for failure to appear. Indeed as the court in *Janze, supra*, noted, under 18 U.S.C. § 3142(d) as to a person who "is, and was at the time the offense was committed, on [ ] release pending trial for a felony," the Court must determine whether such person may flee or pose a danger to any other person or the community. This provision applies literally to a defendant arrested pursuant to a warrant for failure to appear. While *Bigalk, supra*, concluded that this provision regarding persons who are on release "at the time the offense was committed" applies only to those arrested for a *crime*, the term "offense" is broad enough to encompass failure to appear in violation of a court order. Because a defendant who fails to appear could be formally charged with the crime of bail jumping (18 U.S.C. § 3146), it makes little sense to hold that only those formally charged with bail jumping are entitled to a release determination. Indeed, it makes even less sense to hold that a defendant who, for instance, commits a violent crime while on pre-trial release is afforded a right to a detention hearing, but that a defendant who fails to appear, even under extenuating circumstances, is not.

A contrary interpretation of § 3142(d)(1)(A)(i) of the Bail Reform Act would be unduly hyper-technical and inconsistent with the structure of the Act which, while permitting detention without bail under narrowly defined circumstances, permits all defendants, at the very least, individualized consideration for release. Such an interpretation is also contrary to Congress' recognition of "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios–Berrios*, 791 F.2d 246, 250 (2d Cir.), *cert. dismissed*, 479 U.S. 978, 107 S.Ct. 562, 93

L.Ed.2d 568 (1986), *quoting,* S.Rep. No. 225, 98th Cong., 2d Sess., 6–7; *see Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951) ("federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail").

To be sure, the Second Circuit has interpreted the provision of 18 U.S.C. § 3142(f) that a detention hearing be held immediately "upon the person's first appearance before the judicial officer" to require the detention hearing be held before the first appearance in the charging district after removal, rather than the initial appearance before the magistrate judge in the arresting district. *See United States v. Melendez–Carrion,* 790 F.2d 984, 990 (2d Cir.1986), *citing, United States v. Dominguez,* 783 F.2d 702, 704–05 (7th Cir.1986). However, as the court in *Morris, supra,* noted, some courts have held that a detention hearing in the arresting district is required, *see United States v. Thomas,* 992 F.Supp. 782, 786 (D.Vi.1998), while others, including the Ninth Circuit, have assumed that the detention hearing is held by the magistrate judge in the arresting district. *United States v. Evans,* 62 F.3d 1233, 1237 (9th Cir.1995); *United States v. Colerider,* No. CR85–128–S, 1985 WL 5001, *4 (M.D.N.C. Aug.27, 1985). In *Evans,* the Ninth Circuit stated "[p]ursuant to 18 U.S.C. § 1341, the magistrate judge before whom the defendant is brought is required to order that such person be detained or released pending judicial proceedings." *Evans,* 62 F.3d at 1235 (the magistrate judge before whom the defendant is first brought upon arrest "makes the decision whether to hold the person as the proper defendant to answer to the charge, and if so, whether to release him on bail"). It held that under 18 U.S.C. § 3145, review of the detention decision by the magistrate judge in the *arresting* district is to be made by the district court judge of the *charging* district. *See id.* at 1237. *Evans* is consistent with Congress' assumption in enacting § 3145 that "detention orders would often issue out of the district-of-arrest as a part of Rule 40 proceedings." *Colerider,* 1985 WL 5001, at *4. It is

also consistent with Rule 40(f) which specifically contemplates that the magistrate in the arresting court makes a detention determination after giving due consideration to any prior detention determination made by the court in the charging district.[2]

Finally, an interpretation of Rule 40(e) as denying *per se* the right to consideration of bail would raise serious due process questions. The deprivation of a liberty interest without the safeguard of a detention hearing implicates procedural due process concerns given the important liberty interests at stake. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Even though a defendant arrested on a warrant for failure to appear presents a *prima facie* risk of flight, a detention hearing may have important value in safeguarding against an erroneous deprivation of liberty, an important consideration in the due process analysis. *See id.* For instance, there may be extenuating circumstances that explain why the person failed to appear and why bail may be appropriate.

For all these reasons, the Court agrees with *Janze, supra,* that defendant Vasquez, arrested pursuant to a warrant issued for her failure to appear in the district court in Arizona, and appearing before this Court under Rule 40(e), is entitled to a detention hearing.

■ A detention hearing was held on February 12, 2002. The government and defendant Vasquez proceeded by proffer. Having considered the respective proffers and the Pretrial Services Report, which found that defendant Vasquez poses a serious risk of flight, the Court concludes that the government has proven by a preponderance of the evidence that defendant Vasquez poses a serious risk of flight that cannot be mitigated by any condition or combination of conditions. In addition to the fact that defendant Vasquez failed to make her appearance in the District Court in Arizona in violation of the terms of her release, she gave a false name (Alma Vega) and false background information to Pretrial Services in the District of

---

2. Indeed, even the Second Circuit has recently required that under Rule 40(a), the magistrate judge in the arresting district must determine

bail. *United States v. El Edwy,* 272 F.3d 149 (2nd Cir.2001).

Arizona. Defendant Vasquez did not proffer any compelling excuse for her failure to appear. The Court also notes that the information provided to Pretrial Services by defendant Vasquez conflicts and is inconsistent with the information provided by her mother in her interview with the Pretrial Services of this Court in numerous respects, including, *inter alia*, information concerning such basic facts as defendant Vasquez's place of birth, history of residence and citizenship status. Defendant Vasquez's mother indicated she was not aware of her daughter's arrest and non-appearance in Arizona. These facts indicate that either the information received by the Court is not trustworthy, not reliable and/or demonstrates a lack of closeness and communication between defendant Vasquez and her parents who appeared before the Court to offer to serve as custodians and sureties. Furthermore, defendant Vasquez has not maintained employment or permanent residence. She is married but her husband is currently incarcerated.

Given her lack of substantial ties to the community and apparent distance between defendant Vasquez and her parents, as well as her conduct of providing false information to Pretrial Services in Arizona and failure to appear, the Court concludes defendant Vasquez presents a serious flight risk and must be detained pending return to the District of Arizona.

IT IS SO ORDERED.

