UNITED STATES of America

v.

Justin H. CANNON, Defendant.

Case No. 2:10cr1.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 19, 2010.

Randy C. Stoker, Esq., Alan M. Salsbury, Esq., Robert P. McGovern, for Government.

James O. Broccoletti, Esq., Michael S. Nachmanoff, Esq., Keith L. Kimball, Esq., for Defendant.

## *OPINION AND ORDER*

F. BRADFORD STILLMAN, United States Magistrate Judge.

The Court currently has the following pleadings under consideration: Defendant's Motion for a Detention Hearing Before a Magistrate Judge (Doc. No. 39), filed on February 22, 2010; and Government's Response to Defendant's Motion for a Detention Hearing Before a Magistrate Judge (Doc. No. 41), filed on March 2, 2010.

The Court held a hearing on these pleadings on March 12, 2010. At that hearing, Alan Salsbury, Esq., appeared on behalf of the United States; and Keith Kimball, Esq., and Larry Dash, Esq., appeared on behalf of Justin Cannon. The

Official Court Reporter was Sharon Borden.

## I. *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On January 6, 2010, the Grand Jury sitting in the United States District Court for the Eastern District of Virginia, Norfolk Division returned an Indictment charging Justin H. Cannon ("Cannon") and Christopher A. Drotleff ("Drotleff") with multiple felonies. Specifically, Cannon is charged with two (2) counts of second degree murder, in violation of 18 U.S.C. §§ 1111 *and* 3261(a)(1); one (1) count of attempted murder, in violation of 18 U.S.C. §§ 1113 and 3261(a)(1); three (3) counts of use and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 3261(a)(1); and two (2) counts of murder resulting from the use and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(j) and 3261(a)(1).[1]

On January 7, 2010, Cannon was arrested in Corpus Christi, Texas. On January 8, 2010, Cannon appeared in the United States District Court for the Southern District of Texas, Corpus Christi Division, and United States Magistrate Judge Brian Owsley conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 5(c)(3). At the initial appearance, the government moved for detention, and Cannon was temporarily detained.

On January 14, 2010, United States District Judge Janis Graham Jack conducted a detention hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). Cannon waived his right to have an identity hearing, pursuant to Federal Rule of Criminal Procedure 5, and his right to

have a preliminary hearing, pursuant to Federal Rule of Criminal Procedure 5.1. After the presentation of evidence, Judge Jack entered an Order of Detention Pending Trial, finding that Cannon should be detained because "[t]here is a serious risk that the Defendant will not appear, and ... [t]here is a serious risk that the Defendant will endanger the safety of another person or the community." Order of Detention Pending Trial, *United States v. Cannon*, No. 2:10mj12 (S.D.Tex. Jan. 14, 2010).

On February 18, 2010, Cannon appeared in the United States District Court for the Eastern District of Virginia, Norfolk Division, for his initial appearance, at which the Court appointed counsel. At the initial appearance, defense counsel informed the Court that Cannon intended to seek a detention hearing before a magistrate judge in the Eastern District of Virginia. The United States objected. The Court directed the parties to file pleadings on the issue for the Court's consideration. Cannon was arraigned on February 24, 2010, before the instant motion was fully briefed.

On March 12, 2010, the Court heard oral arguments on the issue of whether Cannon was entitled to a detention hearing before a magistrate judge in the Eastern District of Virginia.

## II. *DISCUSSION*

There are two issues presented by Defendant's motion. The first issue is whether Cannon is entitled to have a detention hearing in the Eastern District of Virginia, the "charging district," when he was previously afforded a detention hearing in the Southern District of Texas, the "arresting district." The second issue is whether

---

1. Pursuant to 18 U.S.C. §§ 3591–92, the indictment also made several special findings with regard to the two (2) counts of murder

resulting from the use and discharge of a firearm during and in relation to a crime of violence.

Cannon's detention hearing in the Eastern District of Virginia can be conducted by a magistrate judge when the prior order of detention was entered by a district judge.

### A. Cannon's Right to a Detention Hearing in the "Charging District"

Cannon's motion seeks to have a magistrate judge of this Court review the order of detention entered by Judge Jack in the Southern District of Texas, where Cannon was arrested.

#### 1. *Federal Rule of Criminal Procedure 40*

■ Cannon argues that Federal Rule of Criminal Procedure 40 entitles him to a new detention hearing before a magistrate judge in the Eastern District of Virginia, the charging district. Effective December 1, 2002, the Federal Rules of Criminal Procedure were restyled and Rule 40 was significantly modified. Prior to 2002, Rule 40 provided that "[i]f a person is arrested in a district other than that in which the offense is alleged to have been committed, that person shall be taken without unnecessary delay before the nearest available federal magistrate judge, in accordance with the provisions of Rule 5." Fed. R.Crim.P. 40(a) (2000). The Rule went on to state, in relevant part, that

> [i]f a person was previously detained or conditionally released, pursuant to chapter 207 of title 18, United States Code, in another district where a warrant, information, or indictment issued, the federal magistrate judge shall take into account the decision previously made and the reasons set forth therefor, if any, but will not be bound by that decision. If the federal magistrate judge amends the release or detention decision or al-

ters the conditions of release, the magistrate judge shall set forth the reasons therefor in writing.

Fed.R.Crim.P. 40(f) (2000).

In 2002, Rule 40 was amended, and now has a much narrower application. Currently, Rule 40 provides in its entirety as follows:

**Rule 40. Arrest for Failing to Appear in Another District or for violating Conditions of Release Set in Another District**

**(a) In General.** A person must be taken without unnecessary delay before a magistrate judge in the district of arrest if the person has been arrested under a warrant issued in another district for:

**(i)** failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141–3156 or by a subpoena; or

**(ii)** violating conditions of release set in another district.

**(b) Proceedings.** The judge must proceed under Rule 5(c)(3) as applicable.

**(c) Release or Detention Order.** The judge may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so.

Fed.R.Crim.P. 40.

Cannon argues that because the advisory committee notes indicate that "current Rule 40(f) is revised Rule 40(c)," there were no substantive changes, and Rule 40(c) gives a magistrate judge of this Court the power to review and modify the order of detention entered by Judge Jack in Texas. However, Cannon's argument does not consider the context of Rule 40.[2]

---

**2.** Even if Cannon were correct that prior Rule 40(f) was transferred to current Rule 40(c) without any substantive changes, it does not appear that it stands for the principle Cannon

suggests it does. Cannon argues that the provision allowed a magistrate judge in the charging district to review and modify a detention order entered in the arresting district.

First of all, Rule 40, in both its current and pre-amendment forms, only applies when the defendant is arrested in a district other than the district where the charges are pending against him, and only governs the procedures to be followed in the arresting district.[3] Rule 40 does not resolve Cannon's motion because this Court is the charging district, not the arresting district.

As amended, the scope of Rule 40 is even more limited. Currently, Rule 40 governs the procedures in the arresting district in only two narrow situations: (1) where the person is arrested for failing to appear in another district as required, and (2) where the person is arrested for violating conditions of release set in another district. *See* Fed.R.Crim.P. 40(a). This case does not fit within either of those categories. Rather, Cannon was arrested in another district pursuant to an arrest warrant issued on a criminal indictment in this district.

Despite the plain language of amended Rule 40, Cannon argues that *United States v. Gooch,* Cr. No. 02–1094–A (E.D.Va. Dec. 23, 2002), an unpublished decision from the Alexandria Division of this Court, supports his position that he is entitled to a new detention hearing before a magistrate judge in this Court. In *Gooch,* a criminal complaint was filed against the defendant in the Eastern District of Virginia. The defendant was arrested in Delaware and taken before a magistrate judge for her initial appearance. Two days later, the magistrate judge in Delaware conducted a detention hearing and ordered the defendant detained. The parties sought a detention hearing in the Eastern District of Virginia, the charging district, before a magistrate judge. The magistrate judge declined to conduct a detention hearing, finding that pursuant to 18 U.S.C. § 3142 defendant "was not entitled to a detention hearing absent new evidence not available at the ... hearing in the Delaware court and could only seek review of the detention order issued in the arresting district by appealing to a United States District Judge." *Gooch,* Cr. No. 02–1094–A, at 2. The defendant appealed the magistrate judge's decision, and the district judge reversed, finding that under Federal Rule of Criminal Procedure 40(f), "the defendant is entitled to a detention hearing in front of a magistrate judge in the charging district." *Id.* at 5.

This Court notes that the *Gooch* decision was entered on December 23, 2002, only twenty-two (22) days after the amendments to the Federal Rules of Criminal Procedure became effective. The only acknowledgment of the amendments consists of a footnote indicating that Rule 40(f) was amended and stating the language that is now found in Rule 40(c). It appears to the Court that the *Gooch* decision did not consider the context of Rule 40 after the amendments. Accordingly, it appears that the *Gooch* opinion only applies to the pre-amendment rule and does not control the

However, that provision actually operated in the reverse situation. "Subdivision (f) requires that where a person was previously released in another district where the warrant issued, the magistrate judge in the *arresting district* must take into account the release/detention decision previously made by the court in the *charging district,* but is not bound thereby." *United States v. Vega,* 206 F.R.D. 266, 269 (N.D.Cal.2002) (emphasis added). Therefore, even if the 2002 amendments did not change the overall effect of Rule 40, it would not apply in this case because Cannon is asking a magistrate judge in the *charging district* to review the detention order of a judge in the *arresting district.*

**3.** When Rule 40 was amended, the provisions setting forth the procedures for an initial appearance in the district of arrest when the offense was allegedly committed in another district were moved to Rule 5(c)(3).

Court's decision here. Furthermore, the decision was based on the application of Rule 40(f) and 18 U.S.C. § 3142, but failed to consider or apply 18 U.S.C. § 3145, which this Court determines is controlling in this case.

In conclusion, Rule 40, as amended in 2002, does not answer the question of whether Cannon is entitled to a detention hearing before a magistrate judge in this Court.

### 2. *The Bail Reform Act*

Cannon only argues that he is entitled to a new detention hearing pursuant to Rule 40, which, for the reasons stated above, the Court finds inapplicable in this case. The United States argues, and the Court agrees, that resolution of this issue is governed by the Bail Reform Act.

Two sections of the Bail Reform Act contemplate modification of a detention order. The first section is 18 U.S.C. § 3142(f). Before a defendant can be detained, a judicial officer must hold a detention hearing in accordance with 18 U.S.C. § 3142(f). The last sentence of this subsection provides that

> [t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). By its terms, this section provides for the reconsideration of a detention order only by the same judicial officer that conducted the original detention hearing, and only when there is new evidence that is material to the decision of whether detention is appropriate. *See*

*United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir.2003). Cannon's motion does not fall within the purview of § 3142(f) because the original detention hearing was not conducted by a judge of this Court and defense counsel admitted at oral argument that he was not aware of any new evidence bearing on the issue of detention.

The second section that provides for the modification of a detention order is 18 U.S.C. § 3145(b), which states:

> **(b) Review of a detention order.**—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). As used in § 3145, "'the court having original jurisdiction over the offense' means the court in the district in which the prosecution is pending." *United States v. El–Edwy,* 272 F.3d 149, 154 (2d Cir.2001); *see also United States v. Vega,* 438 F.3d 801, 804 (7th Cir.2006); *Cisneros,* 328 F.3d at 615; *United States v. Torres,* 86 F.3d 1029, 1031 (11th Cir.1996); *United States v. Evans,* 62 F.3d 1233, 1236–37 (9th Cir.1995). In this case, the Eastern District of Virginia is "the court having original jurisdiction over the offense" because this is where the indictment was returned and where the prosecution is pending. Cannon was arrested and ordered detained by Judge Jack in the Southern District of Texas, a district other than the district in which the charges are pending against him. Accordingly, Judge Jack is "a person other than a judge of a court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). Therefore, Cannon can seek

revocation or amendment of the detention order in this Court pursuant to 18 U.S.C. § 3145(b).[4]

## B. Cannon's Right to a Detention Hearing Before a Magistrate Judge

■ Having established that Cannon is entitled to seek review of Judge Jack's detention order in this Court pursuant to 18 U.S.C. § 3145(b), the remaining issue involves who can conduct the review. Cannon's motion indicates, and counsel confirmed at oral argument, that Cannon is specifically seeking a detention hearing in the Eastern District of Virginia before a *magistrate judge* rather than a district judge. The United States argues that because Judge Jack, a district judge, conducted the initial detention hearing, only a district judge of this Court can review the order of detention. To resolve this dispute, it is important to consider both the structure of the Bail Reform Act and the structure of the federal court system generally.

### 1. *Structure of the Bail Reform Act*

The Bail Reform Act, 18 U.S.C. §§ 3141–56, contemplates that a defendant will get a maximum of two (2) detention hearings, or "two bites at the apple," in the district court.

At a defendant's initial appearance, the presiding judge must decide whether to release or detain the defendant pending trial in accordance with 18 U.S.C. § 3142.

At the initial appearance, or after a short continuance, the judge must hold a detention hearing "to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). This detention hearing is the defendant's "first bite at the apple."

The initial decision to detain or release the defendant can be reviewed under two circumstances. Pursuant to the last sentence of § 3142(f), either party can move to have the hearing reopened upon a showing that there is new evidence "that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of detention. 18 U.S.C. § 3142(f). The only other way to obtain review of a decision to detain or release the defendant is under 18 U.S.C. § 3145. Pursuant to § 3145, a party may file a motion for revocation or amendment of the order of release or detention. The reviewing judge then considers the issue of detention *de novo*. *See, e.g., Cisneros,* 328 F.3d at 616 n. 1; *Rueben,* 974 F.2d at 585.

Cannon's motion suggests that he is entitled to an initial detention hearing in the arresting district, a new detention hearing before a magistrate judge in the charging district, and review of the detention decision before a district judge in the charging district. If the Court granted Cannon's motion, he would essentially be getting "three bites at the apple" rather than the

---

4. Cannon's motion specifically requests a "new detention hearing." The United States contends that Cannon is not entitled to a new detention hearing, but only a review of the prior detention order. However, the Court notes that the standard of review under 18 U.S.C. § 3145 is *de novo. See, e.g., Cisneros,* 328 F.3d at 616 n. 1 ("The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."); *United States v. Rue-*

ben, 974 F.2d 580, 585 (5th Cir.1992) ("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release."). Accordingly, Cannon is entitled to a *de novo* review of the detention order entered by Judge Jack in the Southern District of Texas.

"two bites" contemplated by the Bail Reform Act. If Congress intended to give a defendant who is arrested in one district on charges pending in another district an extra "bite at the apple," the Bail Reform Act would provide as much. Because the Bail Reform Act does not allow a third detention hearing, Cannon must appeal Judge Jack's detention order directly to a district judge of this Court, and not first to a magistrate judge.

### 2. *Structure of the Federal Court System*

Moreover, the organization of the federal court system contemplates a hierarchial structure in which district judges supervise magistrate judges. Magistrate judges are creatures of statute with limited powers. Under the Federal Magistrates Act, 28 U.S.C. §§ 631–39, "[m]agistrate judges serve as aides to, and under the supervision of, district judges." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010). Furthermore, the statutes and federal rules governing review procedures, in both civil and criminal cases, are replete with references to the power of district judges to review the decisions of magistrate judges. *See, e.g.,* 28 U.S.C. § 636(b)(1) (allowing magistrate judges to make proposed findings and recommendations, but providing that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed.R.Crim.P. 58(g)(2)(B) (providing that in petty offense and other misdemeanor cases, "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a

district judge within 10 days of its entry"); Fed.R.Crim.P. 59 (allowing magistrate judges to handle certain criminal matters on a referral basis, but providing the parties an opportunity to object to the magistrate judge's decision and have the matter reconsidered by the district judge); Fed.R.Civ.P. 72 (providing that upon objection, a magistrate judge's pretrial order in a civil case will be reviewed by the district judge).

Nothing in the laws or rules governing the conduct of magistrate judges suggests that a magistrate judge has the power to review the decision of a district judge, even if the district judge sits in a different district.[5] Consistent with the hierarchy of decision-making authority established in the federal courts, a motion for revocation or amendment of a detention order under 18 U.S.C. § 3145(b) "should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." *Cisneros,* 328 F.3d at 615.

Because the Bail Reform Act only contemplates two (2) detention hearings and it is the province of district judges to review the decisions of magistrate judges, this Court FINDS that a magistrate judge in the district where the prosecution is pending cannot review an order of detention entered by a district judge in the district where the defendant is arrested. Accordingly, Defendant's Motion for a Detention Hearing Before a Magistrate Judge is DENIED.

### III. *CONCLUSION*

For the foregoing reasons, this Court FINDS that Cannon is not entitled to have

---

5. Although unnecessary to the instant decision, the Court notes that it is unclear whether a magistrate judge in the charging district can review even the decision of another magistrate judge in the arresting district. *See United States v. Johnson,* 858 F.Supp. 119, 122 (N.D.Ind.1994) ("Section 3145(a) author-

izes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district.").

a detention hearing before a magistrate judge in the Eastern District of Virginia. Accordingly, Defendant's Motion for a Detention Hearing Before a Magistrate Judge (Doc. No. 39) is DENIED. Defendant may seek a detention hearing before a district judge of this Court.

IT IS SO ORDERED.